Luz GARCIA, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health
and Human Services, Defendant.

No. 87 Civ. 0479 (MJL).

United States District Court,
S.D. New York.

July 5, 1988.

Kramer, Levin, Nessen, Kamin & Frankel by Linda C. Goldstein, and MFY Legal Services by David S. Udell, New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Linda A. Riffkin, Sp. Asst. U.S. Atty., New York City, for defendant.

OPINION AND ORDER

LOWE, District Judge.

Plaintiff Luz Garcia ("Garcia") brought this action challenging the decision of the Secretary of Health and Human Services (the "Secretary") denying her application for disability benefits. The Secretary responded to Garcia's motion for judgment on the pleadings by agreeing to remand the case for a calculation of benefits due. Garcia then requested an award for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, contending that the Secretary's position, prior to settlement, was not substantially justified. This Court referred the matter to Magistrate James C. Francis IV for a report and recommendation. Magistrate Francis recommended that Garcia's motion be granted and that the full amount requested, $14,606.52, be awarded. This Court fully adopts the Report and Recommendation of Magistrate Francis. For a full discussion of the facts, which clearly

support Garcia's contention that the Secretary's position was not substantially justified, please refer to Magistrate Francis' Report and Recommendation.

Garcia seeks attorneys' fees in the amount of $9,751.12 for 156.2 hours of work which includes: $7,335.90 for 75.24 hours of lawyer time, $327.60 for 22.5 hours of paralegal time, and $2,087.61 for 58.46 hours of summer associate time. In addition, the EAJA motion seeks $1,857.27 for costs, including: $1,188.89 for computer assisted legal research and $668.38 for photocopying expenses. Finally, Garcia's motion seeks attorneys' fees in the amount of $2,998.13 for the time expended litigating this motion.

## DISCUSSION

*Determining Whether Garcia is Entitled to an EAJA Recovery*

The Secretary, contesting the recommendation of the Magistrate, contends that his "voluntary agreement" to pay benefits to Garcia constitutes a "special circumstance" making an award of costs and attorneys' fees "unjust" under the EAJA. In addition, the Government claims that because the Secretary's position was substantially justified, no costs or fees should be or can be awarded under the fee shifting statute.

The EAJA provides that:

a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1)(A) (1978); *Aston v. Secretary of Health and Human Services,* 808 F.2d 9, 10 (2d Cir.1986).

■ The Government cites no authority for its claim that a settlement constitutes a "special circumstance" making an EAJA award "unjust". A party is deemed to have prevailed if she obtains a favorable settlement of her case. *Environmental*

*Defense Fund, Inc. v. Watt,* 722 F.2d 1081, 1085 (2d Cir.1983). Garcia's receipt of disability insurance benefits constitutes a favorable settlement. Report and Recommendation of Magistrate James C. Francis IV dated March 11, 1988 at 10, 11 ("Report and Recommendation").

■ Under the EAJA a prevailing plaintiff qualifies for costs and attorneys' fees if the Government's position was not substantially justified. The burden is on the Secretary to affirmatively demonstrate substantial justification for his position. *Environmental Defense Fund, Inc.,* 722 F.2d at 1087. This Court agrees with Magistrate Francis' finding that the Secretary failed to meet that burden. Report and Recommendation at 11.

■ Garcia's treating psychiatrist established that the plaintiff suffers from at least three impairments, each of them sufficiently severe to qualify individually as a "listed" impairment. As such, Garcia is *per se* disabled and deserving of benefits under the Supplemental Security Income statute, 20 C.F.R. § 416. Report and Recommendation at 2.

The treating physician's opinion concerning a claimant's disability is binding on the Secretary "unless contradicted by substantial evidence." *Johnson v. Bowen,* 817 F.2d 983, 985 (2d Cir.1987). The evidence offered to rebut the opinion of Garcia's treating physician does not meet that burden. This Court agrees with Magistrate Francis that "the reports of the consulting physicians ... based on [ ] single subjective interview[s] and apparently without review of the treating psychiatrist's records ... were entirely conclusory and hence of little value." Report and Recommendation at 12, 13.

This Court holds that the Secretary's position was without substantial justification, finding the evidence presented insufficient to overcome the opinion of Garcia's treating physician. Garcia is therefore entitled to an award for costs and attorneys' fees under the EAJA.

*Determining The Award Amount for Costs and Attorneys' Fees*

The Government objects to Magistrate Francis' recommendation concerning costs. They claim that, under *Tavarez v. Heckler*, 610 F.Supp. 1059 (S.D.N.Y.1985), photocopying expenses are not to be reimbursed unless they are incurred for photocopies furnished to the court or to opposing counsel. The Government further requests that this Court deny Garcia's request for computerized legal research costs claiming that such expenses are "out of pocket" costs not recoverable under *U.S. v. Bedford Associates*, 548 F.Supp. 748 (S.D.N.Y.1982) and *Litton Systems, Inc. v. American Telephone and Telegraph Co.*, 613 F.Supp. 824 (S.D.N.Y.1985).

■ This Court approves the Magistrate's recommendation that Garcia's counsel be awarded photocopying and computer assisted legal research costs. The Secretary's objections are not well founded in light of the fact that an EAJA award for costs was not available nor was it sought in either *Bedford* or *Litton Systems*. Further, although the EAJA motion for costs was denied in *Tavarez*, the denial was not grounded in the language of the EAJA, but was based on 28 U.S.C. § 1920, which is not relevant here. In addition, the *Tavarez* decision was superceded when the Second Circuit held that reasonable fees and expenses are reimbursable under the EAJA, and that "the examples of allowable expenses set out in Section 2412(d)(2)(A) are not exclusive." *Aston*, 808 F.2d 9, 12 (2d Cir.1986) (upholding award for telephone, postage, travel and photocopying costs).

Magistrate Francis found the costs to be reasonable and nowhere in his objections does the Secretary claim that the costs incurred were unreasonable for this case. Therefore, this Court awards the total amount sought for these expenses.

The Government further objects to Magistrate Francis' recommendation that all attorneys' fees requested be awarded. The Government contends that the number of hours requested by Garcia is excessive given the "routine" nature of this case. The Government also contends that counsel should not be compensated at all for the work of a law student-summer associate.

■ This Court adopts the recommendation of the Magistrate awarding the full amount sought by Garcia's counsel. Under the EAJA, this Court has broad discretion in determining an appropriate award for costs and attorneys' fees. *Aston*, 808 F.2d at 11. Although the Secretary cites authority for reduction of requested hours, ample authority also exists in this Circuit to support a determination that 156.2 hours is reasonable for a case of this kind. *See, e.g., Lawson v. Bowen*, 84 Civ. 4204 (S.D.N.Y. Dec. 14, 1987) (approximately 170 hours); *Rivera v. Bowen*, 84 Civ. 9167, (S.D.N.Y. Sept. 2, 1987) (222.04 hours); *Torres v. Bowen*, 86 Civ. 1310, (S.D.N.Y. April 1987) (175.18 hours); *Zayas v. Heckler*, 585 F.Supp. 1109 (S.D.N.Y.1984) (148 hours).

The Magistrate correctly labels the Secretary's objections as "without merit", noting that the Secretary's allegation that an "excessive" number of hours were expended on this case due to inefficiency is baseless given the superior quality of counsel's work product and the fact sensitive nature of this case. Report and Recommendation at 16, 17, 19. In addition, we agree with Magistrate Francis that counsel's use of a summer associate and a paralegal for more than one-half of the hours for which counsel seeks compensation exemplifies counsel's cost consciousness. The hourly rates for the summer associate and paralegal are substantially lower than for the attorneys who worked on this case. Report and Recommendation at 17, 18.

Judicial discretion in EAJA cases has been used not only to fully and reasonably compensate attorneys of prevailing plaintiffs, but also to make a statement that such fees "should be assessed against the government as part of its penalty for taking positions that are not substantially justified." *Rivera*, slip op. at 2. This Court, in awarding $14,606.52, the full amount sought by Garcia's counsel and recommended by Magistrate Francis, serves both of these ends.

## CONCLUSION

This Court adopts the recommendation of Magistrate Francis and awards attorneys' fees and expenses to Garcia's counsel in the amount of $14,606.52.

It Is So Ordered.