### Beatrice McMULLEN, Plaintiff,

v.

### Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. 4–98–CV–10115.

United States District Court, S.D. Iowa, Central Division.

Jan. 4, 1999.

Mark T. Hedberg, Hedberg, Owens & Hedberg, Des Moines, IA, for plaintiff.

Christopher D. Hagen, Assistant U.S. Attorney, Des Moines, IA, for defendant.

### ORDER

LONGSTAFF, District Judge.

THE COURT HAS BEFORE IT plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Plaintiff requests an award of $6,627.08 based on 52.50 hours at an hourly rate of $126.23. Defendant filed a resistance indicating it did not challenge counsel's right to fees in some amount, but that it did object to the number of hours plaintiff's counsel spent representing her in this case. Defendant did not contest the hourly rate sought. Plaintiff filed a reply reiterating her position. The matter is now fully submitted.

Plaintiff applied for disability insurance benefits on March 21, 1996. The Commissioner initially denied her benefits and a reconsideration of that decision. An administrative law judge subsequently held a hearing, found plaintiff was not under a disability as defined by the Social Security Act, and denied her application. The Appeals Council of the Social Security Ad-

ministration denied plaintiff's request for review.

This action for judicial review commenced February 26, 1998. On August 13, 1998, the Commissioner filed a motion to remand, conceding the necessity of further administrative proceedings. Plaintiff filed a resistance to the motion. This Court granted defendant's motion to remand in an Order dated October 21, 1998, which triggered the running of the time in which to file an application for attorney's fees under EAJA. *See Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

■■ In determining a proper award of attorney fees, the district court must assess the reasonableness of the request based on the facts of the case at issue. *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "The district court should ... exclude from [the] fee calculation hours that were not reasonably expended." *Id.* at 434, 103 S.Ct. 1933 (internal quotations and citation omitted). If the preparation time is "excessive," the number of compensable hours may be reduced. *See Stockton v. Shalala,* 36 F.3d 49, 50 (8th Cir.1994) (affirming district court's reduction of hours from 69.7 to 46.05). *See also Vanover v. Chater,* 946 F.Supp. 744, 746 (E.D.Mo.1996) (42 hours excessive where case was routine and lacked novel legal issues).

■ Based on the record before it, the Court finds plaintiff's counsel is entitled to be compensated for 25 hours, at a rate of $125.00—the rate customarily awarded by the Court for such matters. Plaintiff's application for fees is GRANTED in the amount of $3,125.00, plus court costs in the amount of $150.00.

IT IS SO ORDERED.