**Gary A. UPHILL, Plaintiff,**

**v.**

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.**

No. 02–C–0008.

United States District Court, E.D. Wisconsin.

July 3, 2003.

David F. Traver, Milwaukee, WI, for Plaintiff.

Penelope C. Fleming, Milwaukee, WI, for Defendant.

## DECISION AND ORDER ON EAJA FEE REQUEST

ADELMAN, District Judge.

### I. FACTS AND BACKGROUND

Before me is plaintiff Gary Uphill's application for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff brought this action under 42 U.S.C. § 405(g) challenging the partially unfavorable decision of defendant Jo Anne Barnhart, Commissioner of the Social Security Administration ("the Commissioner"), on his application for disability benefits under the Social Security Act. Plaintiff applied for benefits in June 1997, alleging that he had been disabled since April 19, 1996. His application was denied initially and on reconsideration. He sought and obtained a hearing before an Administrative Law Judge ("ALJ"). On September 18, 1998, the ALJ determined that plaintiff was disabled for a "closed period" extending from April 19, 1996 to May 6, 1997, but that he ceased being disabled thereafter.

Plaintiff asked the Appeals Council to review the ALJ's decision, but the Administration lost his file. Therefore, on December 11, 2000, the Council remanded the case for another hearing and redevelopment of the record. However, on October 16, 2001, the Milwaukee social security office located the original record and forwarded it to the Appeals Council. The Council then vacated its previous order, and, on December 13, 2001, denied plaintiff's request for review. The ALJ's September 18, 1998 decision thus became the final decision of the Commissioner.

Plaintiff commenced this action for judicial review on January 2, 2002. He asked the court to either find him disabled after

May 6, 1997 and thus entitled to benefits or, alternatively, to remand the case for further proceedings. The matter was assigned to Magistrate Judge Patricia J. Gorence for pre-trial proceedings, and, pursuant to the standing procedure of this district, a briefing schedule was established.[1] On April 26, 2002, plaintiff filed a brief urging four bases for reversal: (1) that the ALJ failed to consider the entire record, including evidence favorable to him; (2) that the ALJ failed to properly evaluate the credibility of plaintiff's testimony regarding his post-May 6, 1997 condition; (3) that the ALJ who conducted the hearing did not sign the decision;[2] and (4) that the ALJ applied an incorrect standard for termination of benefits following a "closed period" of disability. Plaintiff argued that the ALJ's errors warranted judicial restoration of benefits.

On May 22, 2002, the Commissioner requested and was granted a 30 day extension to file her opposing brief. However, on June 26, 2002, the Commissioner moved the court to enter judgment reversing the ALJ's decision and remanding the case for further proceedings. The Commissioner conceded that the ALJ failed to properly evaluate plaintiff's subjective allegations of pain under SSR 96–7p, but argued that because of conflicting evidence in the record it would be improper for the court to reinstate benefits. Regarding plaintiff's argument that the Commissioner failed to apply the proper standard for termination of benefits, the Commissioner stated that remand would "address [plaintiff's] concern" (R. 13 at 5), but did not suggest how

the ALJ should proceed on remand or ask the court to address the issue. The Commissioner noted that one ALJ is permitted to sign a decision on behalf of another ALJ who held the hearing.

Plaintiff opposed the Commissioner's motion to remand. He argued that the Commissioner bore the burden of proving medical improvement sufficient to justify termination of benefits, and that because she had not satisfied her burden a judicial award of benefits was warranted. Further, given the inexcusable delays in the case, he argued that "a remand for more of the same is hardly a remedy." (R. 14 at 6.)

On November 25, 2002, Judge Gorence recommended that the case be remanded, stating that the main issues raised by plaintiff—the need to consider evidence favorable to him, the credibility of his complaints after May 6, 1997, and medical improvement after a closed period of disability—were matters for the ALJ to decide, not the court.[3]

Plaintiff objected. While he did not quarrel with Judge Gorence's finding that he had prevailed on the three issues requiring reversal, he argued that the court should restore his benefits rather than giving the Commissioner another bite at the apple. He also claimed that by failing to provide direction on the burden of proof issue Judge Gorence implicitly and incorrectly placed on him the burden of proving that he remained disabled. Defendant responded that remand was proper because there were unresolved factual issues that should be addressed by the ALJ and be-

---

1. Because requests for judicial review under § 405(g) are in the nature of appeals, the clerk of this district establishes a briefing schedule upon filing rather than waiting for the parties to file cross motions for summary judgment, as is done in some other districts. Under the schedule in this case, plaintiff's brief was due April 26, defendant's on May 27, and plaintiff's reply on June 10.

2. The decision was signed by ALJ Marsha Stroup "for" ALJ Arthur Schneider, who had conducted the hearing.

3. Judge Gorence concluded that plaintiff's complaint about the manner in which the decision was signed would not warrant any relief.

cause the record did not compel a finding of disability. In his reply, plaintiff again urged the court to order "restoration of [his] benefits without rehearing." (R. 22 at 6.)

On February 13, 2003, I adopted Judge Gorence's recommendation. I concluded that the ALJ ignored important evidence and failed to properly evaluate plaintiff's credibility and to follow the correct procedure for terminating benefits. I agreed with plaintiff that the Commissioner bore the burden of proving medical improvement such that benefits should terminate but rejected his contention that her failure to satisfy such burden required a judicial award. I also found that the record did not compel the conclusion that plaintiff was disabled after May 6, 1997. Finally, I rejected plaintiff's argument that the delays in his case were so unconscionable as to justify a judicial award. Therefore, I remanded the matter for further proceedings pursuant to § 405(g), sentence four.

## II. DISCUSSION

### A. EAJA Standard

The EAJA requires that attorney's fees be awarded to a prevailing party in a civil action against the United States where (1) the government's position was not "substantially justified," (2) no "special circumstances" make an award unjust, and (3) the fee application is submitted within 30 days of final judgment. 28 U.S.C. § 2412(d)(1); *United States v. Hallmark Const. Co.,* 200 F.3d 1076, 1078–79 (7th Cir.2000).

▄▄▄▄ Because I reversed and remanded the Commissioner's decision under sentence four of § 405(g), plaintiff was the "prevailing party." *See Shalala v. Schae-*

*fer,* 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Further, the Commissioner's pre-litigation position (i.e. the ALJ's decision) was not substantially justified.[4] *See Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir.1994) (stating that "fees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa"). And plaintiff's motion is timely.

### B. Positions of Parties

The Commissioner argues that plaintiff's fee request should be denied or limited because special circumstances make an award unjust and the amount of the request is unreasonable. The Commissioner notes that almost half of plaintiff's fees were incurred after she filed her motion to remand. She argues that plaintiff achieved no benefit from his opposition to the motion because the court ended up ordering the same remedy she had offered him eight months previously. Therefore, she contends, it would be unfair to shift plaintiff's fees (at least those incurred after the June 26, 2002 motion to remand) to the government. *See Williams v. Bowen,* No. 85–C–2653, 1987 WL 10559, at *4 (N.D.Ill. May 6, 1987) (finding that special circumstances made an award of fees unjust where the plaintiff turned down the Commissioner's offer to remand for further proceedings); *see also* 28 U.S.C. § 2412(d)(1)(C) ("The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party … engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.").

---

**4.** The Commissioner does not argue otherwise. *See Cummings v. Sullivan,* 950 F.2d 492, 495 (7th Cir.1991) (holding that the Commissioner bears the burden of showing that the government's position was substan-

tially justified in social security cases). And, by agreeing that the ALJ's decision should be reversed and remanded, the Commissioner conceded that her pre-litigation position was not substantially justified.

Plaintiff concedes that his opposition to remand did not result in a judicial award of benefits but argues that he should be awarded fees nonetheless. First, he states that the court denied an award of benefits only by considering the Commissioner's post hoc arguments and evidence unmentioned by the ALJ. Second, he argues that he was justified in opposing remand because the Commissioner's motion and Judge Gorence's recommendation offered him "half a loaf" or less. The Commissioner's motion merely directed the ALJ to re-assess plaintiff's credibility and follow SSR 96–7p. She "presumed" that the ALJ would utilize the proper procedure for cessation of benefits, but neither her motion nor Judge Gorence's recommendation required that any particular procedure be used or addressed who bore the burden of proof on the issue. Plaintiff agues that because he obtained a favorable determination from the court on both issues he deserves a full fee award.

## C. Framework for Analyzing EAJA Claims When Commissioner Offers Remand

■ Where courts grant requests by the Commissioner for remand, they typically apply the following framework to the plaintiff's request for fees under the EAJA.[5]

1. If the Commissioner moves for remand promptly upon the filing of the action, and the plaintiff unreasonably opposes the motion, the court may deny fees entirely. *See Williams,* 1987 WL 10559, at *3–4.

2. If the Commissioner moves for remand after the plaintiff has filed for summary judgment or otherwise briefed the merits, and the plaintiff *agrees* to the remand, fees should be awarded for the entire amount of time expended on the litigation. *See White v. Apfel,* No. 99–C–5323, 2000 WL 106700, at *3 (N.D.Ill. Jan. 25, 2000); *Garcia v. Bowen,* 702 F.Supp. 409, 410 (S.D.N.Y.1988).

3. If the Commissioner moves for remand after the plaintiff has filed for summary judgment or otherwise briefed the merits, and the plaintiff *opposes* remand, the court must analyze the basis for the plaintiff's opposition.

a. If the plaintiff opposed remand in order to obtain a judicial award of benefits, the court must determine whether plaintiff's expectation of such an award was reasonable. If so, full fees should be awarded; if not, fees should be awarded

---

**5.** Various statutory and judicially-created rules permit district courts to deny or limit fees to prevailing parties under the EAJA. As noted above, courts may decline to award fees where "special circumstances" would make an award "unjust." The case law and legislative history suggest that equitable considerations should inform a court's decision on this issue. *See Tavarez v. Commissioner, Social Security Administration,* No. 00–C–4317, 2001 WL 936240, at *2 (S.D.N.Y. Aug. 17, 2001) (citing *Oguachuba v. INS,* 706 F.2d 93, 98–99 (2d Cir.1983)); *see also* H.R.Rep. No. 96–1418 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4990 (stating that the special circumstances exception in the EAJA was designed to give "the court discretion to deny awards where equitable considerations dictate an award should not be made"). Section

2412(d)(1)(C) of the EAJA provides that the court may reduce or deny fees "to the extent that the prevailing party ... engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." Finally, in *Hensley v. Eckerhart,* 461 U.S. 424, 433–36, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Court stated that the district judge may exclude from the fee calculation hours that were not reasonably expended, or reduce the amount awarded to reflect partial or limited success. The Commissioner here relies on "special circumstances" and § 2412(d)(1)(C). Courts have employed all of these approaches, each of which focuses on the reasonableness of the plaintiff's opposition to remand and the equities involved in awarding fees where the Commissioner (at some point) concedes error and offers a remand.

only for the time spent prior to the motion to remand. *McLaurin v. Apfel,* 95 F.Supp.2d 111, 117 (E.D.N.Y.2000) ("If a record demonstrates that a plaintiff could have reasonably expected to obtain a reversal, opposition by plaintiff to an offer to remand would not be excessive even if the court ultimately disagreed with plaintiff's arguments and remanded the case."); *see also Waters v. Barnhart,* No. 00–CV–1656, 2001 U.S. Dist. LEXIS 20566, at *10–12 (N.D.Tex. Dec. 13, 2001); *Rangel v. Commissioner of Soc. Security,* No. 00–CV–10138, 2001 U.S. Dist. LEXIS 19667, at *15–17 (E.D.Mich. Sept. 28, 2001), *adopted by* 2001 U.S. Dist. LEXIS 19657 (E.D.Mich. Oct. 29, 2001); *Tavarez,* 2001 WL 936240, at *3; *Collado v. Apfel,* No. 99–C–4110, 2000 WL 1277595, at *3 (S.D.N.Y. Sept. 7, 2000); *Ferguson v. Apfel,* No. CV–98–3728, 2000 WL 709018, at *3–4 (E.D.N.Y. Apr. 17, 2000); *McMullen v. Apfel,* 57 F.Supp.2d 773, 774 (S.D.Iowa 1999); *Penrod v. Apfel,* 54 F.Supp.2d 961, 963 (D.Ariz.1999).

**b.** If the plaintiff opposed the Commissioner's motion to remand because he sought additional judicial directives to the ALJ, the court should determine whether the plaintiff's requests were reasonable and, if they were granted, the extent to which the plaintiff obtained any advantages on remand. *See Pazo v. Apfel,* No. 98–CV–5535, 2001 U.S. Dist. LEXIS 17423, at *5–6 (E.D.N.Y. Mar. 31, 2001). If the plaintiff succeeds in "securing a remand order with greater safeguards," full fees may be awarded. *Id.* at *6. However, if the plaintiff obtains no or only slight benefits on remand, the court should reduce fees accordingly.

While the basis for the rules in situations 1 and 2 above seems obvious, it is not immediately clear, in situation 3.a., why a plaintiff should receive fees when he makes a reasonable, but ultimately unsuccessful, argument for a judicial award of benefits. Why should the government pay the plaintiff's fees after it has conceded error and offered the plaintiff the same remedy that the court eventually orders? The answer lies both in the purpose of the EAJA and in the realities facing social security claimants.

The purpose of the EAJA is to eliminate the financial disincentive to challenge unreasonable governmental action and to encourage counsel to take cases involving such challenges. *See Krecioch v. United States,* 316 F.3d 684, 686 (7th Cir.2003) (citing *Sullivan v. Hudson,* 490 U.S. 877, 883–84, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989)). The law discourages unreasonable governmental action by rewarding zealous advocacy on behalf of the victims of such action. A rule permitting the recovery of fees for seeking a judicial award of social security benefits where counsel has a reasonable expectation of obtaining such an award serves this purpose.

In social security cases, it is particularly important to encourage counsel to seek a judicial award of benefits if there is a reasonable chance of obtaining it. This is so because social security claimants must commonly wait years before their cases are resolved. *See* Mary Zahn, *Office Mess Delays Aid for Disabled,* Mil. J. Sen., June 17, 2003, at A1 (noting a backlog of more than 1400 cases at the Milwaukee office of hearings and appeals, as well as "other telling signs of disarray," including boxes of unopened mail that was several months old). The goal in such cases is to obtain benefits for the claimant, not simply a reversal of the ALJ's decision. If counsel has a reasonable chance of obtaining benefits from the court, without another round of administrative proceedings (and the attendant delay), he or she should be encouraged to pursue that remedy.

It may well be that in the majority of cases counsel cannot reasonably expect a court to award benefits. Generally,

a judicial award is proper only when all essential factual issues have been resolved and the record clearly establishes that the plaintiff is entitled to benefits. *See, e.g., Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir.1994); *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir.1993). The general rule follows from the limited nature of judicial review of the Commissioner's decisions. It is the Commissioner's job to weigh the evidence, resolve material conflicts, make independent findings of fact, and determine the case accordingly. A reviewing federal court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000); *Binion on Behalf of Binion v. Chater*, 108 F.3d 780, 782 (7th Cir.1997). Where conflicting evidence would allow reasonable minds to differ as to whether a claimant is entitled to benefits, the responsibility for that decision falls on the Commissioner. *Binion*, 108 F.3d at 782.

But in those cases where the evidence is lopsided, and counsel stands a reasonable chance of obtaining an award from the court, the EAJA should not provide a disincentive to seeking such an award. Therefore, in cases where the plaintiff unsuccessfully seeks a judicial award, his EAJA fee petition is properly evaluated under the flexible approach set forth above.

**D. Application of Framework to Present Case**

**1. Fees Incurred Prior to Motion to Remand**

■ Plaintiff clearly is entitled to fees incurred prior to June 26, 2002. The Commissioner's refusal to recognize and rectify the obvious flaws in the ALJ's decision required plaintiff to bring this action and file a brief detailing those flaws. The Commissioner's counsel is to be commended for agreeing to remand when she realized that the ALJ's decision could not stand; nevertheless, the government must bear the costs plaintiff was forced to incur because the Commissioner failed to correctly adjudicate plaintiff's claim. *Cf. Garcia*, 702 F.Supp. at 410 (finding that special circumstances did not make fee award unjust where Commissioner responded to plaintiff's motion for judgment on pleadings by agreeing to remand).

The Commissioner's delay in acknowledging her error distinguishes the present case from *Williams v. Bowen*, upon which the Commissioner primarily relies in opposing a fee award. In that case, the Commissioner agreed to a remand almost immediately after the case was filed; thus, plaintiff's counsel was not required to spend significant time on the matter. 1987 WL 10559, at *3. In the present case, conversely, only after plaintiff filed a detailed brief did the Commissioner concede error and offer remand.[6] *Cf. Martin v. Heckler*, 773 F.2d 1145, 1150–51 (11th Cir. 1985), *abrogated on other grounds by Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 784, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) (finding that special circumstances did not render unjust award of fees for work performed up to time of preliminary injunction hearing, at which the government agreed to rescind the challenged policy, because litigation was the catalyst for the change). Therefore, plaintiff will be awarded fees for all of counsel's work prior to June 26, 2002.

**2. Fees Incurred After Motion**

On the facts of this case, it was unreasonable for plaintiff to expect a judicial

---

6. Further, in *Williams*, 1987 WL 10559, at *3, the court stated: "Frankly, we do not understand why plaintiff rejected the offer of remand." Thus, the court implicitly concluded that the plaintiff's opposition to remand was unreasonable.

award of benefits. Nevertheless, plaintiff did obtain other, albeit slight, benefits from opposing remand. Thus, I will award him 20% of the fees he incurred after the filing of the Commissioner's motion.

### a. Reasonableness of Expectation of Obtaining Judicial Award

 Both sides agreed that the ALJ failed to properly evaluate evidence favorable to plaintiff, the credibility of plaintiff's complaints of pain after May 6, 1997, and the evidence relating to the termination of benefits. Under these circumstances, remand was clearly the proper remedy. As noted, the ALJ, not the court, is responsible for weighing the evidence and resolving conflicts in testimony. Thus, plaintiff should not have expected that I would order reinstatement of benefits on the state of this record. *See Waters,* 2001 U.S. Dist. LEXIS 20566, at *12–13 ("Because it is the job of the ALJ, rather than the Court, to weigh conflicting evidence, it was not reasonable that Plaintiff expected that the Court would find that Plaintiff was in fact disabled and award disability benefits without remanding the case.").[7]

Plaintiff's other arguments for a judicial award of benefits were also unlikely to succeed. He argued that because the Commissioner bore the burden of proof on the issue of termination of benefits and failed to meet it, the court should automatically reinstate benefits. I have rejected this type of argument before. *Gotz v. Barnhart,* 207 F.Supp.2d 886, 903 (E.D.Wis.2002) (citing *Seavey v. Barnhart,*

276 F.3d 1, 11 (1st Cir.2001)) (stating that ALJ's failure to obtain sufficient evidence on issue on which Commissioner bears burden is an adjudicator making a mistake, not a party litigator failing to present evidence, and that the proper remedy is generally not an automatic award of benefits but a remand for further proceedings).

 Plaintiff also argued that the delay in the processing of his case mandated an immediate award. Generally, courts award benefits based on delay only in second or subsequent appeals where the Administration has shown itself unwilling or unable to properly apply the law. *See id.* While the Administration's loss of plaintiff's file was inexcusable and caused a lengthy ·delay, this was plaintiff's first § 405(g) appeal. Finally, it would be inappropriate to award benefits just because it takes the Administration a long time to address a case following remand. *See Tavarez,* 2001 WL 936240, at *3 (rejecting award of fees for time spent opposing remand because of delays in processing of claims on remand).

Because the record did not compel a finding of disability and because plaintiff's other arguments for judicial reinstatement were unpersuasive, his opposition to remand for the purpose of obtaining an award was unreasonable. Therefore, the government should not have to bear the costs occasioned by plaintiff's opposition.

In *McLaurin,* the court reached a similar conclusion. In that case, the plaintiff also rejected the Commissioner's offer of remand and argued for an award of benefits. However, the court concluded that

---

**7.** Plaintiff's argument that, in declining to award benefits, I should not have considered the Commissioner's "post hoc arguments" and evidence not cited by the ALJ misses the mark. In determining whether to award benefits rather than remand the matter, I must consider whether the *entire record* compels such a result. This obviously may include evidence unmentioned by the ALJ. In ruling on an EAJA request, I must also consider the entire record. *See* 28 § 2412(d)(1)(b) (directing the court to consider the entire record "made in the civil action for which fees and other expenses are sought"); *see also Jackson v. Chater,* 94 F.3d 274, 279 (7th Cir.1996).

"the record did not incontrovertibly support a finding of disability and thus that remand for reconsideration was appropriate." 95 F.Supp.2d at 113. When the plaintiff subsequently sought fees, the court determined "that the time that plaintiff expended opposing the Commissioner's motion to remand was unnecessary and thus that these hours should be excluded from the fee calculation." *Id.* at 116.

Similarly, in *Tavarez*, 2001 WL 936240, the court reduced the plaintiff's fee award after she declined the Commissioner's offer of remand. "By rejecting the Commissioner's proposal to remand the case for further proceedings and unsuccessfully moving for judgment on the pleadings, plaintiff not only failed to gain any relief beyond that initially sought and ultimately given, but also contributed to the delay of that relief." *Id.* at *2. The court thus awarded fees only for time spent prior to the offer to remand .and for time spent preparing the fee application. *Id.* at *3; *accord Waters*, 2001 U.S. Dist. LEXIS 20566, at *12–14 (reducing fees for time spent opposing remand and arguing for judicial award of benefits where court determined that remand was proper remedy); *Rangel*, 2001 U.S. Dist. LEXIS 19667, at *15–17 (stating that fees incurred while unsuccessfully opposing remand and arguing for judicial award should be deducted because plaintiff obtained no benefits therefrom); *Collado*, 2000 WL 1277595, at *3 (awarding fees only for time spent prior to remand offer and in preparing fee petition where court agreed with Commissioner that remand was proper); *McMullen*, 57 F.Supp.2d at 774 (reducing fees where plaintiff opposed Commissioner's motion to remand, which court ultimately granted).

### b. Other Benefits from Opposition

Plaintiff concedes that he did not obtain the remedy he sought but notes that he did obtain directives from the court that on remand the Commissioner bore the burden of proving facts necessary to justify termination of benefits and that the ALJ should apply the eight-step sequential evaluation process for termination of ˌbenefits. He argues that obtaining these directives was a significant victory.

In *Pazo*, 2001 U.S. Dist. LEXIS 17423, the court awarded fees based on a similar argument. There, the Commissioner offered remand but refused "to deviate from standard language in the Order of Remand." *Id.* at *3. The plaintiff thus refused the offer "based on [his] wish to have the remand order include clarifying language." *Id.* at *4–5. Because the court included directives sought by the plaintiff in the remand order, the court concluded that the plaintiff's position "was not only reasonable but successful as well." *Id.* at *6. The court therefore awarded full fees. *Id.*

For two reasons, the present case is distinguishable from *Pazo*. First, plaintiff did not seek the directives he points to. Rather, he sought "reinstatement of continuing benefits beginning on May 6, 1997." (R. 19 at 7.) While plaintiff argued the burden of proof issue, he did so mainly in the context of his contention that the Commissioner's failure to satisfy that burden mandated a judicial award. Thus, to the extent that I clarified the burden of proof issue and the process for properly evaluating termination of benefits on remand, it was less the direct result of plaintiff's opposition than a side effect of it.[8]

8. Plaintiff contends that the decision in this case marked the first time that a court in this circuit held that the Commissioner bore the burden on medical improvement sufficient to justify termination of benefits. But the Commissioner's regulations already address this issue, *see, e.g.,* 20 C.F.R. 404. 1594(b)(5) ("In most instances, we must show that you are

Second, the Commissioner might have agreed to a more specific remand order had plaintiff asked. While the Commissioner mentioned only one issue in her motion, plaintiff does not allege that he sought additional directives and was rebuffed. Therefore, unlike in *Pazo*, my directives regarding the burden of proof and proper evaluation procedure on remand do not justify an award of all of plaintiff's fees.

██ Nevertheless, plaintiff obtained some benefit from his opposition. His efforts produced directives which will guide the ALJ on remand. These directives may well result in a more expeditious determination of the claim and obviate the need for further judicial review. Because the initial decision was so flawed additional guidance was necessary, and such guidance is a benefit to plaintiff. A review of plaintiff's briefs reveals that about 20% of counsel's time can reasonably be ascribed to arguing the burden of proof and evaluation procedure issues. Thus, I will compensate plaintiff for 20% of the fees incurred after the Commissioner's motion.

██ Plaintiff will, however, receive full fees for the time counsel spent preparing his EAJA motion and reply brief. Preparation of the motion would have been necessary regardless of when the ALJ's decision was reversed and remanded, *see Tavarez*, 2001 WL 936240, at *3 (awarding fees for time spent preparing EAJA motion); *Collado*, 2000 WL 1277595, at *3 (same); and plaintiff's EAJA reply brief was helpful to the court in deciding whether at least partial fees should be awarded. Given the result—a fee award in excess of 50% of that requested—this also produced a benefit to plaintiff.

### 3. Compensable Hours

██ Plaintiff's counsel spent twenty hours litigating this case prior to the filing of the motion to remand. The Commissioner does not dispute that this expenditure of time was reasonable, and I conclude that it was. Counsel spent 18.9 hours after the offer of remand, and this figure will be reduced by 80% resulting in compensable time of 3.78 hours. Counsel spent 1.6 hours preparing the fee petition and 5.9 hours on the EAJA reply brief. These hours were reasonably expended.[9]

### 4. Hourly Rate

██ Counsel seeks compensation at the rate of $143.90 per hour for work performed in 2002 and $146.02 per hour for work performed in 2003. The EAJA provides that "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff bears the burden of demonstrating that a cost of living increase is warranted. *See Hanrahan v. Shalala*, 831 F.Supp. 1440, 1450 (E.D.Wis.1993). Plaintiff justifies the increased rate he seeks by applying the Bureau of Labor Statistics "all items" Consumer Price Index for urban consumers ("CPI–U"), calculating the cost of living increase from 1996, when the maximum base rate of $125 was set, to 2002 and 2003. Use of the CPI–U has been accepted in this district, *e.g., Henderson v. Barn-*

---

able to engage in substantial gainful activity before your benefits are stopped."); so the significance of plaintiff's victory on this issue should not be overstated.

**9.** The total amount of time spent by counsel is in line with that typically spent by lawyers on social security cases. *See Harris v. Barnhart,* 259 F.Supp.2d 775, 783 (E.D.Wis.2003) (approving fees based on 53.6 hours of work, and surveying cases where requests based on 54.2, 66.95, 53.5, 56.2, and 56.3 hours were approved).

*hart,* 257 F.Supp.2d 1163, 1170 (E.D.Wis. 2002); and the Commissioner has not objected to the proposed rates. Therefore, counsel will be compensated at the rate of $143.90 per hour for time spent in 2002 and $146.02 per hour for time spent in 2003.

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiff's motion for an award of attorney's fees (Docket # 25) is **GRANTED** in part, and plaintiff is awarded fees in the amount of $4517.09 (20 × $143.90 + 3.78 × 143.90 [10] + 1.6 × $146.02 + 5.9 × 146.02).

**IT IS FURTHER ORDERED** that this amount be paid directly to plaintiff's attorney, David F. Traver.

10. For ease of calculation, and because most of the post-remand offer fees were incurred in 2002, I have used the 2002 rate for all of this time.