**David McKAY, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. 01 Civ.1703 VM.**

United States District Court, S.D. New York.

Feb. 10, 2004.

Michael Joseph J. Barnas, New York, NY, for plaintiff.

James B. Comey, Assistant United States Attorney, New York, NY, for defendant.

## DECISION AND ORDER

MARRERO, District Judge.

Plaintiff David McKay ("McKay") moves the Court to reverse an administrative law judge's ("ALJ") determination that he is not entitled to disability insurance benefits, and to remand for a calculation of benefits. The Commissioner of Social Security (the "Government") concedes that the Court must reverse, but argues that the remand should permit the ALJ to determine anew whether McKay is entitled to benefits in the first place. The Court agrees with the Government, and the case is remanded for further proceedings.

## I. BACKGROUND [1]

McKay has a long history of congenital back troubles, and two car accidents (one in 1980, the other in 1981) aggravated his condition. On two occasions in 1984, McKay went to the hospital emergency room because of his back condition. In February 1987, McKay was fired from his job as a computer terminal operator because, according to his testimony, he was in too much pain to continue to perform his duties at work. He has not worked since.

In August 1994, McKay filed an application for supplemental security income ("SSI"), and was denied. In March 1996, McKay re-applied for SSI, and also sought disability insurance benefits. McKay asserted he was disabled since February 1987, when he stopped working. In January 1997, an ALJ determined that McKay was "disabled," within the meaning of the Social Security Act as of August 8, 1994 (the date of his first application), but not before.[2] The ALJ concluded that the medical evidence did not support McKay's contention that he was unable to work before August 1994. That determination meant

---

1. The factual summary derives from the administrative record, which, except where necessary, the Court will not cite further.

2. The ALJ based that determination on a regulation which *deems certain persons from* ages 50 to 54 conclusively disabled. *See* 20 C.F.R. Pt. 220, App. 2, § 201.14. McKay had not turned 50 by December 31, 1992, the last day upon which McKay was insured for purposes of disability insurance benefits.

that McKay was entitled to SSI, but not disability insurance benefits. The parties agree that, for McKay to be entitled to disability insurance benefits, he would have to be deemed disabled as of December 31, 1992, the last day of the applicable insurance term.

In April 1998, the Appeals Council vacated the ALJ's January 1997 decision and remanded the case for further proceedings because McKay had discovered new supporting evidence, which the ALJ had not had a chance to consider. In September 1998, the ALJ again denied McKay's application for disability insurance benefits. First, the ALJ concluded that the medical evidence supporting McKay's contention was weak. Second, the ALJ highlighted that McKay was able to work in the period between his hospitalization in 1984 and his termination in 1987, suggesting that his condition was not disabling. Third, and perhaps most important, the ALJ emphasized that there was no medical evidence in the record for the period between 1984 and 1994, again undermining McKay's claims that his condition was disabling. The Appeals Council upheld that determination in May 1999, and McKay sought review in federal district court three months later. See McKay v. Apfel, No. 99 Civ. 8769 (S.D.N.Y.) (filed Aug. 10, 1999). After the Government compiled and filed the administrative record in that case in January 2000, the parties – for reasons which are not evident in the record – stipulated to remanding case for further proceedings.

A new ALJ reviewed the issue of disability insurance benefits in October 2000 and denied McKay's application for a third time, on essentially the same grounds as before. The ALJ concluded that the medical evidence did not support a finding that McKay's impairments rose to the level of a disability. The ALJ also emphasized that there was no medical evidence in the rec-

ord from the period between February 1987, when McKay was fired, through December 1992, the end of the insurance term.

McKay filed the present lawsuit in February 2001, seeking review of the ALJ's determination. The Government did not locate and compile the record in this case until almost two years later, in January 2003. At that time, the Government offered to again remand the case for further proceedings. McKay did not respond to that offer until September 2003, when McKay refused a further remand and began the briefing on the motion now before the Court.

## II. DISCUSSION

■ It is undisputed that the ALJ overlooked a document in evidence in which McKay's treating physician stated that McKay had been disabled since 1987. The Government concedes that the failure to provide good reasons to discredit this document requires the Court to remand. See Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir.1998) (failure to provide good reasons to discredit a treating physician's opinion requires remand); see also 20 C.F.R. § 404.1527(d)(2) (stating ALJs will give "good reasons" for the weight given to a treating physician's opinion). McKay urges the Court to declare him eligible for disability insurance benefits and remand only for the purpose of calculating the amount of benefits. Because there is no compelling evidence on this record to support a sufficient finding of eligibility, the Court declines to do so.

■ McKay is correct that "when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," the Court may enter conclusive findings on a claimant's behalf. Parker v. Harris, 626 F.2d 225, 233 (2d Cir.1980). However, in

this case, even considering the document the ALJ overlooked, McKay has fallen far short of showing persuasive proof of a disability. In all three administrative hearings at which McKay's application was reviewed, the ALJ determined, on the basis of the entire medical history and other relevant circumstances on the record, that McKay's impairments did not "significantly limits [his] physical or mental ability to do basic work activities," as required under the relevant regulations. *See* 20 C.F.R. § 404.1520(c). The overlooked document does almost nothing to shore up the inadequacies in the record in this regard. The document, dated May 23, 2000, states that McKay had been seen by a doctor on unspecified dates between 1995 and 2000 and had been diagnosed with "DJD," "chronic pain," "neuropathy," and "chronic headaches." (R. 308) At the bottom of the page, under the heading "OTHER," the doctor wrote, without any further elaboration: "The patient has been disabled since 1987, has required home attendants and has been unable to work." (*Id.*)

As an initial matter, it is far less than conclusive that the doctor intended the word "disabled" as a legal term of art, and the Court will not construe this language to mean that the doctor took into consideration the relevant Social Security regulations. Moreover, the document is extremely vague and unsupported. *See* 20 C.F.R. § 404.1527(d)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."). On the record now before the Court, there are no specific medical diagnoses or tests relating to the time period between February 1987 and the end of the insurance term in December 1992. The Court is not persuaded that this over-looked piece of evidence would have materially altered the ALJ's reasoning, which is otherwise persuasive and supported in the record. Nonetheless, the Court emphasizes that this observation is not intended to suggest that McKay is conclusively *not* entitled to disability insurance benefits. Conceivably, another theory may exist under which McKay may be deemed eligible, and there may be more documents, not yet in the record, to support his claim. The Court merely concludes that on further remand McKay should have the opportunity to bolster his claim by any additional relevant grounds or evidence not previously considered.

McKay argues that the (unfortunately) epic procedural history of this case should counsel against an evidentiary remand. McKay notes that it is unlikely that any new evidence will turn up, considering that the relevant time period is over fifteen years past. However, McKay cannot point to any regulation or controlling authority suggesting that his burden to prove a disability diminishes over time. *See* 20 C.F.R. § 1512(a) (claimant bears burden to prove disability). While the Court agrees with McKay that this case has already taken far too long to resolve, the Court notes that McKay is responsible for a substantial portion of the delay. Most notably, he alleges a disability dating from 1987, but he did not seek any benefits until 1994 and provided less than persuasive proof to establish his qualifying condition for the earlier years. The first ALJ determination was vacated because McKay subsequently discovered new evidence, not through any error in the administrative process. McKay sought, and received, two postponements for his most recent ALJ hearing, and he waited eight months to respond to the Government's offer to remand the present case. Accordingly, even if the Court were to consider it appropriate to impose some sort of equitable reme-

dy to countervail the extraordinary administrative delay, this would not be the case that would compel such a rule.

### III. *ORDER*

For the stated reasons, it is hereby

ORDERED that the request of plaintiff David McKay for an order directing a remand of this action to the Commissioner of Social Security (the "Commissioner") for the purpose of calculation of benefits is denied; and it is further

ORDERED that this matter be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for more proceedings consistent with this Decision and Order.

The Clerk of Court is directed to close this case, without prejudice to its being reopened in the event additional proceedings in this Court are warranted following the administrative review on remand herein directed.

SO ORDERED.