### David McKAY, Plaintiff,

v.

### Jo Anne BARNHART, Commissioner of Social Security, Defendant.

### No. 01 CIV 1703(VM).

United States District Court, S.D. New York.

July 30, 2004.

---

Michael Joseph J. Barnas, New York City, for Plaintiff.

James B. Comey, Assistant United States Attorney, New York City, for Defendant.

### DECISION AND ORDER

MARRERO, District Judge.

### I. FACTS AND PROCEEDINGS

By Decision and Order dated February 10, 2004, (the "Order"), the Court remanded this case to the Administrative Law Judge ("ALJ") to review his decision to deny social security benefits to plaintiff David McKay ("McKay"). *See McKay v.*

*Barnhart,* 302 F.Supp.2d 263 (S.D.N.Y. 2004).[1] McKay now moves under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for attorney's fees and costs associated with this action. The Government opposes the motion. For the reasons set forth herein, McKay's motion is granted-in-part and denied-in-part.

### II. DISCUSSION

### A. LEGAL BACKGROUND

■ The relevant portion of the EAJA states that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party ... fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ..., brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, pursuant to the EAJA, a plaintiff is presumptively entitled to attorney's fees if he is a prevailing party, unless one of the two conditions specified above is satisfied.

#### 1. The EAJA and "Prevailing Party"

■ To be considered a "prevailing party," a plaintiff must have achieved a judicially-sanctioned material alteration of the legal relationship between the parties. *See Roberson v. Giuliani,* 346 F.3d 75, 79 (2d Cir.2003) (interpreting *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.,* 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). The United States Supreme Court has held that a remand under sentence four of 42 U.S.C. § 405(g)

1. The Court assumes familiarity with the un- derlying facts of this case.

("§ 405(g)") is a final judgment that qualifies a plaintiff for prevailing party status. *See Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). In *Buckhannon*, the Supreme Court adopted a somewhat more restrictive definition of a prevailing party than in its earlier decisions insofar as the Court definitively ruled that a party is not a prevailing party simply because he achieves the desired result of the lawsuit or brings about a voluntary change in the defendant's conduct. Rather, a prevailing party must achieve a material alteration of the legal relationship of the parties, such as a judgment on the merits or a court-ordered consent decree. *Compare Buckhannon*, 532 U.S. 598, 600, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 *with Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); *Hewitt v. Helms*, 482 U.S. 755, 760–61, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987); *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). However, the Supreme Court specifically reconciled, rather than overruled, its prior holdings. *See Buckhannon*, 532 U.S. at 605, 121 S.Ct. 1835 (stating that "it behooves us to reconcile the plain language of the statutes with our prior *holdings*") (emphasis in original). The Second Circuit has interpreted *Buckhannon* broadly, holding that "judicial action other than a judgment on the merits or a consent decree can support an award of attorney's fees, so long as such action carries with it sufficient judicial imprimatur." *Roberson*, 346 F.3d at 81. Thus, although the *Buckhannon* definition of a prevailing party is slightly more restrictive than the earlier definition upon which the *Schaefer* Court relied, *Buckhannon* did not disturb the holding in *Schaefer* that a

plaintiff who is awarded a § 405(g) sentence-four remand is a prevailing party. Therefore, because McKay was awarded a sentence-four remand in the order, he was a prevailing party in his action for the purposes of the EAJA.[2]

### 2. *Substantially Justified*

■ When seeking attorney's fees under the EAJA, a prevailing party must first allege that the Government's underlying actions were not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, —— U.S. ——, ——, 124 S.Ct. 1856, 1862, —— L.Ed.2d ——, —— (2004). Once the prevailing party so alleges, the burden then shifts to the Government to show that its position was substantially justified. *See Scarborough*, —— U.S. at —— – ——, 124 S.Ct. at 1865–67; *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir.1999). While McKay has met his pleading requirement, the Government did not address in its brief the issue of whether its position was substantially justified, and thus, it has not met its burden, essentially conceding this point. Accordingly, if the Government is to defeat McKay's motion, the Court must find that special circumstances exist in this case such that an award of attorney's fees and costs would be unjust.

### 3. *Special Circumstances*

■ Courts look to traditional equitable principles when deciding whether special circumstances would make an award of attorney's fees unjust. *See United States v. 27.09 Acres of Land*, 43 F.3d 769, 772 (2d Cir.1994); *Oguachuba v. INS*, 706 F.2d 93, 98 (2d Cir.1983). The Second Circuit has held that

**2.** Indeed, the Government does not contest that McKay meets the definition of a prevailing party.

where all of the fees were expended on discrete efforts that achieved no appreciable advantage, and where the claim of the prevailing parties rests largely on a result to which the claimant made no contribution, a district court may consider whether special circumstances render an award of attorney's fees less just. *27.09 Acres of Land*, 43 F.3d at 773. In particular, many courts have found that special circumstances under the EAJA exist in cases where the plaintiff unreasonably rejects the Government's offer to remand the case and a remand is the court's ultimate remedy. *See, e.g., Schroeder v. Barnhart*, No. 98 Civ. 6152, 2002 WL 31452428, at *2–*3 (S.D.N.Y. Jan.22, 2002); *Hernandez v. Apfel*, No. 96 Civ. 7231, 2001 WL 118604, at *2 (S.D.N.Y. Feb.8, 2001); *Tavarez v. Commissioner, Social Sec. Admin.*, No. 00 Civ. 4317, 2001 WL 936240, at *2 (S.D.N.Y. Aug.17, 2001); *McLaurin v. Apfel*, 95 F.Supp.2d 111, 116 (E.D.N.Y. 2000); *Collado v. Apfel*, No. 99 Civ. 4110, 2000 WL 1277595, at *3 (S.D.N.Y. Sept.7, 2000); *Williams v. Bowen*, No. 85 C 2653, 1987 WL 10559, at *3–*4 (N.D.Ill. May 6, 1987). As discussed below, the Court is persuaded that the same result is warranted in this case.

## B. *APPLICATION*

■ The Government argues that special circumstances would make an award of attorney's fees unjust because the remand that McKay ultimately obtained from this Court was the benefit he initially opposed. (*See* Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees, dated June 25, 2004 ("Gov't.Mem."), at 5.) The Court agrees. Indeed, the attorney's fees McKay incurred after the Government offered to remand the case resulted in no appreciable advantage to him because he would have attained the same result had he accepted the offer for remand rather than opposing it. Moreover, in opposing the Government's offer to remand, McKay did not make any contribution to the ultimate result. *See 27.09 Acres of Land*, 43 F.3d at 773.

■ The Court finds that McKay's rejection of the offer to remand and arguments for a reversal and remand only to calculate benefits was unreasonable because, as this Court noted in the Order, the ALJ's determinations made during McKay's three separate administrative hearings were supported by substantial evidence in the record. On the other hand, the statement by McKay's treating physician, while meriting consideration by the ALJ, was vague, unsupported, and added little to McKay's claim. *See McKay*, 302 F.Supp.2d at 266. In fact, McKay argues that his rejection of the offer to remand was reasonable because of the "unlikelihood [of] success on evidentiary remand." (Plaintiff's Memorandum of Law in Reply on Motion for Attorney's Fees, dated July 8, 2004 ("Pl.Reply"), at 5.) Thus, if McKay did not expect the ALJ to award him benefits on remand after the ALJ was instructed to consider McKay's treating physician's statement, it was unreasonable for McKay to expect that this Court would grant an outright reversal of the ALJ's previous decision.

As best the Court can decipher McKay's brief, he argues that his opposition to the Government's offer to remand was reasonable because he felt that obtaining a reversal was feasible, relying mainly on *Gold v. Secretary of Health, Education & Welfare*, 463 F.2d 38 (2d Cir.1972) and *Parker v. Harris*, 626 F.2d 225 (2d Cir.1980), in support of his position. (*See* Plaintiff's Memorandum of Points and Authorities in Support of Motion for Award of Attorney's Fees, dated May 17, 2004, at 5.) Both *Gold* and *Parker*, however, are distinguishable from the present case. In *Gold*, the court reversed the Secretary's decision not to award social security benefits because

there was substantial evidence in the record, including the testimony of several treating physicians, that the plaintiff was disabled; and because the plaintiff was not granted a full administrative hearing under the appropriate regulations. *See Gold,* 463 F.2d at 43–44.

In *Parker,* the court reversed the Secretary's denial of benefits because the denial was "unsupportable on several grounds," because the record provided persuasive proof that the plaintiff was disabled, and thus a remand for further evidentiary hearings was unnecessary. *Parker,* 626 F.2d at 233, 235. As previously discussed in the Order, unlike the plaintiffs in *Gold* and *Parker,* the ALJ's denial of benefits in this case *was* supported by substantial evidence in the record, which did not contain sufficiently persuasive proof of McKay's disability prior to 1994 to warrant an outright reversal. *See McKay,* 302 F.Supp.2d at 266.

■■■ McKay further argues that his "counsel's faild [sic] but well-intentioned and hard-pressed taking of his 'best shot,' at winning," combined with counsel's "ethical duty" to "represent a client zealously within the bounds of the law" should be considered when determining whether McKay's rejection of the Government's offer to remand was reasonable (Pl. Reply at 4 & n. 3.) Reading between the lines of this argument, McKay appears to be urging the Court to not penalize his counsel for following his client's instructions. McKay apparently misapprehends the purpose of the EAJA—it is the prevailing party, in this case, McKay, who has standing to seek attorney's fees, and not his counsel. *See Oguachuba,* 706 F.2d at 97–98 ("The claim that a denial of attorney's fees penalizes the lawyer but not the client exhibits a fundamental confusion about the nature of that relationship both in our legal system and under the EAJA. ... [C]ounsel has no standing to apply to the public fisc for payment."). McKay's arguments regarding his counsel's duty are unpersuasive because whatever ethical duty McKay's counsel may have had in pursing a reversal at McKay's request, such ethical duty is not relevant to whether McKay's decision to reject the Government's offer to remand the case was reasonable. Accordingly, McKay's motion for attorney's fees incurred after the Government offered to remand his case is denied.

■■■ Although McKay may not recover fees and expenses incurred after the Government's offer to remand, an award of attorney's fees and costs incurred *prior* to the Government's offer to remand is appropriate. *See Schroeder,* 2002 WL 31452428, at *3 (awarding attorney's fees for time between the application for judicial review and the Government's offer to stipulate to a remand); *Hernandez,* 2001 WL 118604, at *3 (awarding attorney's fees to the plaintiff before the Commissioner's offer to remand because the plaintiff was a "prevailing party" under the EAJA); *Collado,* 2000 WL 1277595, at *3 (awarding attorney's fees incurred prior to the Commissioner's offer to remand); *McLaurin,* 95 F.Supp.2d at 117 (same). When a plaintiff is deemed a "prevailing party" but has succeeded on only some of his claims for relief, a court treats the successful claim as if it were brought in a separate lawsuit and addresses whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award[ ]." *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). McKay's initial complaint prior to the Government's offer to remand was successful insofar as it elicited the offer to remand. Accordingly, McKay may recover fees and expenses incurred before the Government's offer to remand.

## C. CALCULATION OF AWARD

### 1. Attorney's Fees

 When calculating the amount of attorney's fees to be awarded, a court multiplies "the number of hours reasonably expended on the litigation ... by a reasonable hourly rate." *Kerin v. United States Postal Serv.*, 218 F.3d 185, 190 (2d Cir.2000) (internal quotations and citations omitted). A district court enjoys broad discretion in determining what is a reasonable amount of time expended in pursuing a claim. *See Aston v. Secretary of Health & Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986). Because, as discussed above, McKay cannot recover fees expended in opposing the Government's offer to remand, the relevant time period for which McKay may recover his fees is 2001, 2002, and for work done in 2003 prior to the Government's offer to stipulate a remand. For these time periods, McKay requests 10 hours, 3.25 hours, and .25 hours,[3] respectively. The Court finds this amount reasonable, particularly under the circumstances of this case, where counsel alleges he spent 4.5 of those hours assisting the Government in reconstructing the record. (*See* Pl. Reply at 9.) Although the Government did not have an opportunity to respond to McKay's claim that he spent 4.5 hours assisting the Government in reconstructing the record, the Court will grant McKay the benefit of the doubt as to these hours in light of the *de minimis* amount involved and because the Court is not required to scrutinize each action taken or the time spent on it. *See Aston*, 808 F.2d at 11.

The parties agree that the correct method of arriving at a reasonable hourly rate is to apply the Consumer Price Index ("CPI") average annual attorney's fee rate to the hours billed during each calendar year. *See* 28 U.S.C. § 2412(d)(2)(A); *Kerin*, 218 F.3d at 194. The CPI rates for 2001, 2002, and 2003 were $140.49, $144.07, and $148.49, respectively. (*See* Pl. Reply, at 12.) Multiplying the requested hours for 2001(10) by the applicable CPI rate ($140.49) yields a total of $1,404.90 for 2001; multiplying the requested hours for 2002 (3.25) by the applicable CPI rate for 2002 ($144.07) yields a total of $468.23; multiplying the requested hours for 2003(.25) by the applicable CPI rate for 2003 ($148.49) yields a total of $37.12. Thus, McKay is granted a total of $1,910.25 in attorney's fees.

### 2. Paralegal Fees

 Paralegal fees may be included in an award of attorney's fees. *See United States Football League v. National Football League*, 887 F.2d 408, 416 (2d Cir. 1989). The "prevailing market rates in the relevant community" govern the rate at which paralegal hours are valued. *Missouri v. Jenkins*, 491 U.S. 274, 286, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) (internal quotations and citation omitted). The prevailing rate for paralegal services in the Southern District of New York is $75 per hour. *See Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 290 (S.D.N.Y.2003); *Marisol A. ex rel. Forbes v. Giuliani*, 111 F.Supp.2d 381, 388 (S.D.N.Y.2000); *Williams v. New York City Hous. Auth.*, 975 F.Supp. 317, 323, n. 1 (S.D.N.Y.1997);

---

**3.** The Government offered to stipulate to a remand on January 17, 2003. McKay alleges that on January 20, 2003 he spent .25 hours on "[r]eceipt and study of AUSA's offer of voluntary remand on the merits." (Notice of Motion for Award of Attorney's Fee, dated May 17, 2004.) Because this activity would have been necessary regardless of whether McKay accepted or rejected the remand, and because the Government does not oppose this amount, the Court grants McKay's request for .25 hours in 2003 insofar as it relates to receiving and reviewing the Government's offer to remand. (*See* Gov't. Mem. at 11.)

*Wilder v. Bernstein,* 975 F.Supp. 276, 282 (S.D.N.Y.1997).

Although McKay does not specify how many hours of paralegal services were spent in 2001 and 2002, subtracting the requested legal hours from the Itemization of Services that McKay has provided, which presumably constitutes McKay's combined legal and paralegal services, yields 4.25 hours of paralegal services in 2001 and 2.5 hours of paralegal services in 2002. Applying the $75 per hour rate to these amounts yields a total of $506.25 in paralegal fees.

### 3. *Costs*

■ The Court has discretion to award costs to the prevailing party, including disbursements for printing and witnesses, and the costs "shall ... be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation." 28 U.S.C. § 2412(a)(1) (providing for costs); *see also* 28 U.S.C. § 1920(3) (providing for costs from disbursements for printing and witnesses). McKay requests "taxable disbursements" in the amount of $150.00, but does not provide any details as to these disbursements. Accordingly, the Court assumes that this amount is an aggregate of all disbursements incurred before and during McKay's opposition to the Government's offer to remand. Because, as discussed above, McKay cannot recover costs incurred in opposing the offer to remand and because he has not provided a breakdown of which "taxable disbursements" were incurred during the time period for which he is entitled to compensation, his request for $150.00 in taxable disbursements is denied.

### D. *SUMMARY*

For the reasons discussed above, the Court grants-in-part and denies-in-part McKay's motion for attorney's fees and costs. McKay is awarded attorney's fees in the amount of $1,404.90 for 2001, $468

.23 for 2002, and $37.12 for 2003, which represents attorney's fees incurred prior to the Government's offer to remand. McKay is further awarded paralegal fees incurred during the same time period in the amount of $506.25. McKay's request for taxable disbursements in the amount of $150.00 is denied. The grand total of McKay's award is $2,416.50.

### III. *ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that the motion of plaintiff David McKay ("McKay") for attorney's fees is granted-in-part and denied-in-part. McKay is awarded a grand total of $2,416.50 in attorney fees. The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED**