Merle D. PENROD, SSN: 562–
54–4123, Plaintiff,

v.

Kenneth S. APFEL, Commissioner,
Social Security Administration,
Defendant.

No. Civ. 96–2496PHXEHC.

United States District Court,
D. Arizona.

Jan. 20, 1999.

Joel F. Friedman, Jerome Gibson Stewart Friedman & Stevenson PC, Phoenix, AZ, for Merle D. Penrod, plaintiff.

Michael R. Arkfeld, U.S. Attorney's Office, Phoenix, AZ, Janet Napolitano, United States Attorney, Phoenix, AZ, for John J. Callahan, Commissioner of Social Security Administration aka Shirley S. Chater, defendant.

## ORDER

CARROLL, District Judge.

Plaintiff Merle D. Penrod seeks an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant opposes the award. Alternatively, Defendant contends that the amount of fees sought in this action is excessive and should be reduced.

### I. Background

Plaintiff commenced this civil action after being denied social security benefits at the administrative level, contending that the Commissioner's decision is not supported by substantial evidence and the proper legal standards. She filed a motion for summary judgment on July 30, 1997, seeking to have the Court reverse the Commissioner's decision and award her benefits.

On September 29, 1997, Defendant filed its response to the summary judgment motion. Defendant opposed summary judgment, but requested that the Court remand the case. It conceded that the ALJ's decision contained material errors, among which were the failure to obtain vocational expert testimony and his reliance on Medical–Vocational Guidelines to find that Plaintiff was not disabled. The Defendant also wanted to further develop the administrative record.

Plaintiff opposed the Commissioner's motion to remand. She argued that summary judgment, and not remand, was the appropriate remedy in this case.

The Court remanded the case to the Commissioner on January 23, 1998 and directed him to properly re-evaluate Plaintiff's residual functional capacity and determine whether she is capable of performing other work in the national economy. The Court ordered this to be done forthwith and without undue delay.

On April 27, 1998, Plaintiff filed an application for attorneys' fees under the EAJA, seeking attorneys' fees at an hourly rate in excess of the $125.00 per hour provided for in the EAJA. Plaintiff argues that Defendant acted in "bad faith" in connection to her claim and requests attorneys' fees totaling $5,097.38.[1] Alternatively, she requests attorneys' fees in the amount of $3,708.00 if the Court concludes that the Commissioner did not act in bad faith.

Defendant maintains that Plaintiff is not entitled to attorneys' fees under the EAJA, because she is not the prevailing party in this litigation, and its position in this proceeding was substantially justified. Defendant also argues that Plaintiff has not shown any basis for an award of "bad faith" fees.

## II. Discussion

■ Under the EAJA, a court shall award attorneys' fees to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A)

Plaintiff is a prevailing party under EAJA due to her success in securing a remand under sentence four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer,* 509 U.S. 292, 300–01, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Sampson v. Chater,* 103 F.3d 918, 921 n. 2 (9th Cir.1996). A plaintiff is a prevailing party if she suc-

ceeds on "any significant issue in the litigation which achieve[d] some of the benefit the parties sought in bringing suit." *Texas State Teachers Ass'n v. Garland Indep. School Dist.,* 489 U.S. 782, 791–92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) (quoting *Nadeau v. Helgemoe,* 581 F.2d at 275, 278–79 (1st Cir.1978)) (alteration in original). Such is clearly the case here.

It is of little, if any consequence that Plaintiff preferred summary judgment over remand. Material errors were made during administrative proceedings and Plaintiff maintained that summary judgment was the appropriate remedy for correcting these errors, whereas Defendant believed that remand was proper. Plaintiff's reasons for seeking summary judgment and opposing remand were legally sound and not at all frivolous. The fact that the Court ultimately did not adopt her reasoning is not a basis for denying EAJA fees.

■ Moreover, the Court finds no merit to Defendant's contention that Plaintiff "unnecessarily prolonged" these proceedings by opposing its motion to remand. Defendant did not file its motion for remand until two months after Plaintiff filed her summary judgment motion. It was Defendant, if anyone, who unnecessarily prolonged these proceedings by failing to correct what it concedes were obvious deficiencies in the administrative decision prior to Plaintiff filing this action in federal court. Filing a reply brief advocating that the Court grant outright summary judgment for Plaintiff, rather than stipulating to remand, did not unduly or unreasonably protract this proceeding.[2]

■ The Court further rejects Defendant's argument that its position was "substantially justified" in this litigation. "In this circuit, we apply a reasonableness

---

1. Plaintiff calculated this amount as follows: 19.5 hours at $200.00 per hour (the prevailing market rate) and 9.3 hours at $128.75 per hour (the statutory rate adjusted to reflect an increase in the Consumer Price Index).

2. It is equally fair to conclude that Defendant's failure to properly review the ALJ's decision for errors or to move for remand earlier than September 29, 1997 unnecessarily protracted this litigation.

standard in determining whether the government's position was substantially justified for purposes of the EAJA." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir.1995). The Commissioner must show that its conduct had a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). Courts must consider the record of the underlying government conduct at issue, as well as the totality of circumstances present before and during litigation. 28 U.S.C. § 2412(d)(2)(D); *Barry v. Bowen*, 825 F.2d 1324, 1330 (9th Cir.1987). As the Ninth Circuit noted in *Flores:*

> The inquiry into the government's litigation position will ordinarily encompass the inquiry into the administrative decision. It is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not.

*Flores*, 49 F.3d at 570 n. 11.

Clearly, Defendant did not meet its burden in the instant case of showing that its position at the administrative level had a reasonable basis in either fact or law. In its motion to remand, Defendant conceded that the ALJ's decision was reached in error and required a remand for further proceedings. Such serious deficiencies should have been discovered and remedied during the administrative review process. They were not.

■ Having determined that Plaintiff is entitled to attorneys' fees under the EAJA, the Court must determine the amount of those fees. Ordinarily, attorneys' fees awarded under the EAJA may not exceed $125.00 per hour, except where the Commissioner has acted in bad faith. In the case of bad faith, attorneys' fees may be awarded at reasonable market rates. The bad faith exception is "a nar-

row one," typically invoked in cases of "vexatious, wanton, or oppressive conduct." *Brown v. Sullivan*, 916 F.2d 492, 495 (9th Cir.1990) (quoting *Barry v. Bowen*, 825 F.2d 1324, 1334 (9th Cir.1987)) (internal citations omitted). An award of attorneys' fees under the bad faith exception is meant to be punitive, and thus should be imposed "only in exceptional cases and for dominating reasons of justice." *Id.* (quoting *Beaudry Motor Co. v. Abko Properties, Inc.*, 780 F.2d 751, 756 (9th Cir.1986)) (internal quotations omitted).

The Commissioner's conduct in this proceeding, while not substantially justified, does not meet the bad faith standard articulated above. The record does not support a finding that the Commissioner acted vexatiously, wantonly, or oppressively so as to justify an award of attorneys' fees above the statutory rate.[3] At most, the Commissioner acted negligently at the administrative level.

■ The Court has reviewed Plaintiff's application for attorneys' fees and finds that 28.8 hours is a reasonable expenditure of time under the circumstances and not excessive. Thus, the Court will award Plaintiff attorneys' fees in the amount of $3,708.00. The Court finds no persuasive arguments for reducing this amount.

Accordingly,

**IT IS ORDERED** denying Plaintiff's motion for oral argument. (Dkt.35).

**IT IS FURTHER ORDERED** granting Plaintiff's Application for Attorneys' Fees under the Equal Access to Justice Act. (Dkt.27). Plaintiff is awarded her attorneys' fees against Defendant in connection with this litigation in the amount $3,708.00.

---

**3.** The statutory rate is $125.00 per hour. 28 U.S.C. § 2412(d)(2)(A). This is adjusted to reflect the increase in the Consumer Price Index. *See Memorandum in Support of Application for Award of Attorneys' Fees Under the Equal Access to Justice Act,* Exhibit 3. (Dkt.28). The adjusted amount is $128.75.