**Sula Ann PATTERSON for Mike W. Chaney (deceased) Plaintiff,**

v.

**Kenneth APFEL, Commissioner of Social Security Administration, Defendant.**

No. CV 99–5033 AJW.

United States District Court, C.D. California, Western Division.

June 2, 2000.

James Patrick Shea, Susan R. Wasserman Law Offices, Los Angeles, CA, for plaintiff.

Lawrence E. Kole, AUSA, Office of U.S. Atty., Los Angeles, CA, for defendant.

## MEMORANDUM OF DECISION

WISTRICH, United States Magistrate Judge.

Before the Court is plaintiff's motion for an award of attorney's fees, costs, and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant filed an opposition to the motion, and plaintiff filed a reply.

### Proceedings

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of the Social Security Administration denying

plaintiff's application for disability insurance benefits. On February 17, 2000, the Court entered judgment in favor of plaintiff, and remanded the case to defendant pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Memorandum of Decision filed on February 16, 2000. Plaintiff timely filed this motion for an EAJA award in the total amount of $5,095.97, representing 37.25 hours of attorney's services at the rate of $134.12 per hour, plus $100.00 for costs.[1]

## Discussion

Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government has the burden of proving that its position was substantially justified. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir.1996).

Defendant does not contend that plaintiff is not entitled to an award of fees under the EAJA. He argues, however, that plaintiff's claimed hours were unreasonable and excessive, and that plaintiff therefore should be reimbursed for only twenty-one hours of attorney time.

### Reasonableness of the number of hours claimed

■ Defendant claims that plaintiff's counsel's expenditure of 28.5 hours for reviewing the administrative record, conducting legal research, and drafting court documents is excessive. Defendant argues that those hours were unreasonable because plaintiff's counsel is experienced in social security matters and represented plaintiff at the administrative level, and therefore was "well-versed" in the law and the facts of this case.

Those factors do not justify a reduction in the hours claimed by plaintiff's counsel.

Four of the 28.5 hours questioned by defendant were devoted to preparing for and appearing at the oral argument on February 9, 2000. [*See* Declaration of James P. Shea (the "Shea Declaration") at 10–11 (entries for May 13, 1999; October 8, 1999; December 8, 1999; and February 9, 2000)]. Defendant does not challenge the reasonableness of those hours. Plaintiff's counsel spent an additional 24 hours reviewing the administrative record, performing legal research, and drafting court documents, including the complaint, plaintiff's motion for summary judgment, and a reply memorandum. [*See* Shea Declaration at 10–12]. Contrary to defendant's assertions, the presentation of plaintiff's claims in this case required significantly more factual development and legal analysis than was required at the administrative level. Furthermore, the expertise of plaintiff's counsel does not make the hours expended unreasonable. Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail. The memoranda of points and authorities filed by plaintiff's counsel were detailed and thorough. Moreover, this case raised some issues that are not routine (for example, issues regarding the effect of plaintiff's suicide, and of the weight, if any, to be accorded his counselor's notes). Accordingly, the Court concludes that the number of hours claimed by plaintiff's counsel for reviewing the file, performing research, drafting court documents, and participating in oral argument was not excessive.

Defendant also argues that plaintiff's counsel did not adequately document the necessity for the 2.25 hours he claimed for reviewing or writing correspondence and for telephone conferences on various dates. [*See* Shea Declaration at 10–12 (entries for May 21, June 4, June 6, September 9,

---

1. Plaintiff initially requested compensation for an additional 3.5 hours of attorney time for preparation of a reply to the government's opposition to this motion, but she has since withdrawn that request.

November 8, November 24, December 14, and December 15, 1999, and January 21 and February 21, 2000)]. Most of those entries adequately identify the nature of the correspondence or the person with whom plaintiff's counsel conferred. Moreover, the time claimed for those services (ranging from one-quarter to one-half hour) is not unreasonable. [*See, e.g.*, Shea Declaration at 10 (entry for June 4, 1999 for 0.25 hours for "Receipt and review of correspondence from United States District Court—Order Regarding Further Proceedings")]. On two occasions, plaintiff's counsel did not list separate entries for the "multiple telephone conferences" with the Court or with the Assistant United States Attorney that occurred in a single day. [*See* Shea Declaration at 11–12 (entries for November 8 and December 14, 1999)]. Given the relatively small amount of time involved, it was not unreasonable for plaintiff's counsel to consolidate the entries for a single date in this manner. Defendant also fails to note that plaintiff's counsel did not bill for brief amounts of time expended reviewing correspondence on several different dates. [*See, e.g.*, Shea Declaration at 10–11 (entries for June 7, June 10, June 23, October 19, and November 8, 1999)].

In addition, a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range.[2] Plaintiff also is entitled to reimbursement for the three and a half hours of attorney time spent litigating this fee motion. *See Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991) ("[U]nder the EAJA, the prevailing

2. *See, e.g., Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir.1991) (awarding EAJA fees for 54.5 hours of attorney services for services before the district court and the court of appeals); *Penrod v. Apfel*, 54 F.Supp.2d 961, 964 (D.Ariz.1999) (holding that 28.8 hours was a reasonable expenditure of time in a social security disability case); *Sorich v. Shalala*, 838 F.Supp. 1354, 1359, 1361 (D.Neb.1993) (holding that plaintiff's counsel reasonably expended 41.25 hours in obtaining a remand and an additional 46.25 hours obtaining a second remand after benefits were denied on the first remand); *Afanador v. Sullivan*, 809 F.Supp. 61, 66 (N.D.Cal.1992) (granting EAJA motion for 22.3 hours of work performed by the plaintiff's attorney and 9.5 hours of work performed by the attorney's law clerk); *Pribek v. Secretary, Department of Health and Human Services*, 717 F.Supp. 73, 75–77 (W.D.N.Y. 1989) (granting fees under the EAJA and 42 U.S.C. § 406(b) for 40 hours instead of the requested 87 hours because "[f]orty hours more adequately reflects, in this Court's experience, a reasonable expenditure of time on a case of this sort, which is unextraordinary in all respects") (citations omitted); *Terry v. Bowen*, 711 F.Supp. 526, 527 (D.Ariz.1989) (granting fees under 42 U.S.C. § 406(b) for 37.75 hours of attorney time, noting that "[t]his is not an inordinate amount of time, and in fact, falls right in line with one court's determination of an average.... 'An interesting in-house survey performed by Chief Judge Carl Rubin of the Southern District of Ohio and encompassing seven years of data and found that the average number of hours asserted in the fee petition was 37.3.' ") (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir.1989)); *Spruil v. Bowen*, 691 F.Supp. 302, 306–307 (M.D.Fla.1988) (allowing 25 hours for research and writing, and a total of 37.7 hours, in a social security case); *DiGennaro v. Bowen*, 666 F.Supp. 426, 433 (E.D.N.Y.1987) (holding that 45 of the claimed 103 hours were compensable under the EAJA in a social security disability case, and observing that "[i]n cases of this nature, compensated hours generally range from twenty to forty hours") (citing *Wohl v. Secretary of Health & Human Services*, CV 82–1312 (E.D.N.Y. Dec. 3, 1986) (unpublished opinion) (35 hours); *Garitta v. Bowen*, CV 82–1273 (E.D.N.Y. Oct. 8, 1986) (unpublished opinion) (33.5 hours); *Ceglia v. Schweiker*, 566 F.Supp. 118, 125 (E.D.N.Y.1983)(20 hours); *Vega v. Schweiker*, 558 F.Supp. 52, 54 (S.D.N.Y.1983) (29.25 hours); *San Filippo v. Secretary of Health & Human Services*, 564 F.Supp. 173, 177 (E.D.N.Y.1983) (41 hours)); *Hardy v. Callahan*, 1997 WL 470355, *9 & n. 10 (E.D.Tex.1997)(awarding EAJA fees for 46.5 hours, including 6.5 hours for fee petition, noting that "[t]he typical EAJA application in social security cases claims between thirty and forty hours," and concluding that "[t]his appears to be an appropriate average" for "relatively non-complex" social security cases) (citations omitted); *Grey v. Chater*, 1997 WL 12806, *1–*2 (S.D.N.Y.1997) (reducing the compensable hours from to 30 from 65, and citing cases supporting a "twenty to forty hour benchmark" for social security fee awards).

party is automatically entitled to attorney's fees for any fee litigation once the district court has made a determination that the government's position lacks substantial justification.").

For these reasons, the Court finds that plaintiff's counsel reasonably expended a total of 33.75 hours litigating the merits of this case, plus an additional 3.5 hours litigating the EAJA fee motion.

### Hourly rate

■ Defendant argues that the knowledge and skill of plaintiff's counsel do not provide a basis for exceeding the EAJA rate cap. That assertion is correct; however, plaintiff is entitled to an upward adjustment to compensate for inflation. *See* 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee"); *Russell v. Sullivan,* 930 F.2d 1443, 1446 (9th Cir. 1991) (explaining the formula used to adjust the EAJA statutory rate to account for increases in the Consumer Price Index (the "CPU")). Relying on the figures provided by plaintiff's counsel, plaintiff is entitled to EAJA fees at the CPU-adjusted hourly rate of $134.12.[3]

### Costs and expenses

■ As the prevailing party in this litigation, plaintiff is entitled to an award of costs and expenses under the EAJA. *See* 28 U.S.C. § 2412(a)(1) (stating that a judgment for costs, as enumerated in 28 U.S.C. § 1920, may be awarded to the prevailing party); 28 U.S.C. § 2412(d)(1)(A) & (d)(2)(A) (providing that fees and other expenses recoverable by the prevailing party include the reasonable expenses of expert witnesses and the reasonable cost of any study, analysis, engineering report, test, or project found by the court to be

necessary for preparation of the party's case); *see also* Fed.R.Civ.P. 54(d)(1) (stating that costs may be imposed against the United States, its officers, and its agencies only to the extent permitted by law); C.D. Cal. Local Rule 16 (enumerating items taxable as costs); *Bullfrog Films, Inc. v. Catto,* 815 F.Supp. 338, 344 (C.D.Cal.1993) (stating that "all reasonable and necessary expenses incurred in a case, which are customarily charged to the client, are recoverable under the EAJA," and granting request for costs that were "reasonably and necessarily incurred," including copying, Federal Express, and telephone charges).

The Court concludes that plaintiff reasonably and necessarily incurred litigation costs of $100.00 for mileage and parking for five trips by a clerk or messenger to the courthouse for the filing of documents, as reflected on plaintiff's counsel's itemized statement.

### Conclusion

For the reasons discussed above, plaintiff is entitled to EAJA fees in the amount of $4,995.97 for 37.25 hours of attorney time at $134.12 per hour, plus $100.00 for costs and expenses. Accordingly, plaintiff's motion for an award of fees and costs under the EAJA is **granted in the total amount of $5,095.97.**

**IT IS SO ORDERED.**

---

3. Defendant does not oppose an upward adjustment of the rate based on the increase in the CPU, nor does he challenge the manner in

which plaintiff has computed the CPU-adjusted rate.