**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SHANE A. COSTA,
        *Plaintiff-Appellant,*

v.

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,
        *Defendant-Appellee.*

No. 11-35245

D.C. No.
3:09-cv-06048-HU

OPINION

Appeal from the United States District Court
for the District of Oregon
Dennis James Hubel, Magistrate Judge, Presiding

Argued and Submitted
July 13, 2012—Portland, Oregon

Filed August 24, 2012

Before: Betty B. Fletcher and Harry Pregerson,
Circuit Judges, and Consuelo B. Marshall,
District Judge.*

Per Curiam Opinion

---

*The Honorable Consuelo B. Marshall, Senior District Judge for the U.S. District Court for the Central District of California, sitting by designation.

9639

## COUNSEL

Linda Ziskin (argued), Ziskin Law Office, Lake Oswego, Oregon; Drew L. Johnson, Drew L. Johnson, P.C., Eugene, Oregon, for the appellant.

David Morado, Regional Chief Counsel, Seattle Region X; Kathryn A. Miller (argued), Assistant Regional Counsel, Seattle, Washington, for the appellee.

## OPINION

PER CURIAM:

The Social Security Administration denied Shane Costa's application for social security disability benefits. Costa sought review of that decision in the Oregon district court. The federal magistrate judge who presided over Costa's action deter-

mined that the agency's decision improperly disregarded the opinions of an examining psychologist and remanded Costa's case to the agency. Costa sought reasonable attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The magistrate judge granted the request in part but determined that the 60.5 hours Costa's attorneys spent working on the case were excessive. Applying what amounts to an informal rule limiting fee awards in social security cases, he reduced the number of hours compensated by nearly one-third, to 41.1 hours. We hold that it is improper for district courts to apply a de facto cap on the number of hours for which attorneys may be compensated under the EAJA in a "routine"[1] case challenging the denial of social security benefits. Rather individualized consideration must be given to each case.

# I

Shane Costa applied for disability benefits alleging that he suffered from bi-polar disorder, an eating disorder, spinal pain, agoraphobia, and anxiety. The state disability determination agency denied Costa's application and his request for reconsideration. An administrative law judge heard Costa's appeal and issued a decision finding him not disabled. Costa sought review in the United States District Court for the District of Oregon. The parties consented to entry of final judgment by a United States Magistrate Judge.

The magistrate judge reversed the ALJ's decision finding Costa not disabled and remanded to the agency for further proceedings. The magistrate judge's order includes an exhaustive description of the medical evidence in the record and explains that the agency improperly disregarded the opinions of an examining psychologist. The merits of the magistrate judge's order are not at issue in this appeal.

---

[1]We note that the term "routine" is a bit of a misnomer as social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence.

Costa sought attorney's fees under the EAJA. The magistrate judge reduced the total time awarded for counsel's work on Costa's opening memorandum to the court from 25 hours to 12 hours. In doing so, he explained that "the opening memorandum was only seventeen pages long" and "the issues in the case were not novel or unusually complex." As a result he concluded that "25 hours is unreasonable." He did not explain how he determined that 12 hours was a reasonable amount of time to have spent on the opening memorandum.

Similarly, the magistrate judge reduced the hours requested for preparation of the supplemental and reply memoranda. Costa requested a total of 5.1 hours for preparation of his supplemental memorandum. The magistrate judge said that this memorandum was "just over six pages, with only one-half of one page devoted to argument." The magistrate judge's order indicates that he felt some of the work billed by Costa's attorneys duplicated work previously performed. The magistrate judge also declined to compensate Costa's attorneys for 1.4 hours of work that he deemed clerical.

The magistrate judge's order places substantial weight on a published order by Judge Mosman of the District of Oregon. The magistrate judge quoted Judge Mosman's order, which states that there is "some consensus . . . that 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r of the Soc. Sec. Admin.*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007). Again quoting *Harden*, he wrote, "this range provides an accurate framework for measuring whether the amount of time counsel spent is reasonable." *Id.* at 1216. The magistrate judge later explained that "while the total number of allowed hours is at the high end of the range identified by Judge Mosman, it is not unreasonable in this case."

Based on his determination of the number of hours reasonably expended on Costa's case, the magistrate judge awarded

Costa a total of $7,191.35, which is $3,353.37 less than the $10,544.72 that Costa requested.

We have jurisdiction pursuant to 28 U.S.C. §§ 636(c)(3) and 1291, and we reverse.

## II

**[1]** The EAJA provides for the award of attorney's fees to a party that prevails against the United States in a proceeding for review of an agency action, unless the court finds "that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner has never contended that the agency's position was substantially justified but argues that the amount of fees Costa requested was not reasonable. *See id.* at § 2412(d)(2)(A).

We "review the district court's calculation of the reasonable hours and the hourly rate for abuse of discretion." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). An error of law is an abuse of discretion. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1137 (9th Cir. 2011). The abuse of discretion standard "is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Nonetheless, the district court must give reasons for reducing fees. *See Moreno*, 534 F.3d at 1111. Where the disparity between the fees requested and those awarded is relatively large, the district court should provide a specific articulation of its reasons for reducing the award. *See id.*

The Supreme Court's seminal decision in *Hensley v. Eckerhart* held that courts should apply what is now called the "lodestar" method to determine what constitutes a reasonable attorney's fee under 42 U.S.C. § 1988, the fee shifting statute

applicable in civil rights cases. 461 U.S. at 433. To calculate the lodestar amount, the court multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate."[2] *Id.* at 433. The Court further explained that counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do. *Id.* at 434; *see also Moreno*, 534 F.3d at 1111 ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

This court applies the principles set forth in *Hensley*—and other cases interpreting 42 U.S.C. § 1988—to determine what constitutes a reasonable fee award under the EAJA. *See Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990) (explaining that once a litigant has established eligibility for fees under the EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*."); *see also Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009).

In *Moreno v. City of Sacramento*, we held that a California district court abused its discretion when it awarded fees for a significantly lower number of hours than the prevailing plaintiffs had requested and failed to provide adequate explanation for those cuts. 534 F.3d. at 1112-13. We said in *Moreno* that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain." *Id.* at 1112. As a result, courts should generally defer to the "winning lawyer's professional judgment as to how much time he was required to spend on the case." *Id.* The court added that a district court can impose a reduction of up to 10 percent—a "haircut"—based purely on

---

[2]Neither party makes any argument regarding the reasonableness of the hourly rate, which the magistrate judge set at the EAJA statutory rate plus a cost-of-living adjustment. 28 U.S.C. § 2412(d)(2)(A)(ii).

the exercise of its discretion and without more specific explanation. *Id.* But where the district court had cut the number of hours by twenty to twenty-five percent it was required to provide more specific explanation than its view that "the amount of time plaintiff's counsel spent was 'excessive.' " *Id.* at 1112-13. Finally, we recognized that sometimes "the vicissitudes of the litigation process" will require lawyers to duplicate tasks. *Id.* at 1113. "Findings of duplicative work should not become a shortcut for reducing an award without identifying just why the requested fee was excessive and by how much." *Id.*

**[2]** In *Moreno*, we also rejected the district court's method of determining a reasonable hourly rate. We said that the district court "erred by applying what appears to be a de facto policy of awarding a rate of $250 an hour to civil rights cases." *Id.* at 1115. We then explained, "[d]istrict judges can certainly consider the fees awarded by other judges in the same locality in similar cases. But adopting a court-wide policy—even an informal one—of 'holding the line' on fees at a certain level goes well beyond the discretion of the district court." *Id.*

**[3]** We conclude that it is also an abuse of discretion to apply a de facto policy limiting social security claimants to twenty to forty hours of attorney time in "routine" cases. Indeed, we question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court. Surveying the hourly rates awarded to attorneys of comparable experience and skill is a useful tool for assessing the reasonableness of a requested hourly rate because lawyers bill at the same rates in different cases. But it is far less useful for assessing how much time an attorney can reasonably spend on a specific case because that determination will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained.

**[4]** Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases. *See Patterson v. Apfel*, 99 Fed. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting district court cases). While district courts may consider this fact in determining the reasonableness of a specific fee request, courts cannot drastically reduce awards simply because the attorney has requested compensation for more than forty hours or make reductions with a target number in mind. Instead, district courts must explain why the amount of time requested for a particular task is too high. Any other approach fails to give deference to the winning lawyer's professional judgment, as required by *Moreno*. 534 F.3d at 1112.

**[5]** The magistrate judge reduced the number of hours Costa requested by nearly one-third. Under *Moreno*, the magistrate judge was required to provide relatively specific reasons for making such significant reductions. In explaining why he cut in half the number of hours requested for preparation of the opening memorandum, the magistrate judge said only that the issues in the case were not novel or complex and that the brief was not very long. The magistrate judge made similar cuts to the hours Costa requested for preparation of the supplemental and reply memoranda, never explaining why the amount of time he allotted to each task was reasonable. We conclude that the reasons the magistrate gave for reducing the hours as he did were not sufficiently specific given the magnitude of the reductions. *See Moreno*, 534 F.3d at 1113 ("Of course, the court might have some specific reason for believing that work is excessive or duplicative, but it must explain why.").

More importantly, it appears that the magistrate judge applied what he perceived to be an informal district-wide rule that forty hours is the upper limit for the number of hours a lawyer can reasonably spend on a social security disability appeal that "does not present particular difficulty." The magistrate judge referenced the range of twenty to forty hours

early in his order on fees and quoted *Harden*, 497 F. Supp. 2d at 1216, as follows: "[T]his range provides an accurate framework for measuring whether the amount of time counsel spent is reasonable." In addition, toward the end of his order he explained that the 41.1 hours for which he awarded compensation was not unreasonable, despite being "at the high end of the range identified by Judge Mosman." Reading the order in its entirety, we can only conclude that the magistrate judge made his cuts to the requested hours with an eye toward getting the number of hours down to forty rather than based on the number of hours that was reasonable for the legal services provided in Costa's case.

**[6]** The magistrate judge's approach was not consistent with *Moreno* and was an abuse of discretion. District courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on "routine" social security cases. For the foregoing reasons, we reverse the magistrate judge's decision on attorney's fees. The magistrate judge shall award fees in the amount of $10,544.72, as requested by Costa, for the proceedings below.

**REVERSED and REMANDED.**