**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JEANETTE NEIL,<br><br>             Plaintiff - Appellant,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>             Defendant - Appellee. | No. 11-35996<br><br>D.C. No. 3:10-cv-00429-MA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Submitted November 6, 2012[**]
Portland, Oregon

Before: RIPPLE, McKEOWN, and NGUYEN, Circuit Judges.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kenneth F. Ripple, Senior Circuit Judge for the Seventh Circuit, sitting by designation.

After successfully challenging the denial of her application for Social Security disability insurance benefits in the district court, Neil moved for $4,998.69 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The requested fees were based on 26.5 hours billed by Neil's lead counsel and a junior attorney. The district court awarded Neil $4,411.65, reflecting a downward adjustment of $587.04, to account for improperly billed clerical tasks, inadequately explained and vague billing entries, and block billing. Neil then filed a Rule 59(e) motion to alter or amend the judgment, which the district court denied. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Under the EAJA, a prevailing party in a suit against the United States for review of an agency action is entitled to an award of attorney's fees unless "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). However, such an award must be reasonable. Id. § 2412(d)( 2)(A). "A fee applicant should maintain billing records in a manner that enables a reviewing court to easily identify the hours reasonably expended." Brandt v. Astrue, No. 08-0658-TC, 2009 WL 1727472, at *3 (D. Or. June 16, 2009).

We "review the district court's calculation of the reasonable hours and hourly rate for abuse of discretion." Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). Although "the district court must give reasons for reducing fees," Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012) (citing Moreno, 534 F.3d at 1111), "a district court can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation." Id. at 1136 (citing Moreno, 534 F.3d at 1112).

We find that the district court did not abuse its discretion in declining to award Neil attorney's fees for purely clerical tasks such as filing documents and preparing and serving summons. See Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989) (holding that an attorney may not seek reimbursement for purely clerical tasks at an attorney rate); Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) (holding that clerical tasks such as filing and organization "should have been subsumed in firm overhead rather than billed at paralegal rates"); Brandt, 2009 WL 1727472, at *4 (finding that attorney time spent drafting and serving summons was non-compensable clerical work).

In addition, the district court acted within its discretion in reducing Neil's fee award by .3 hours to account for an August 12, 2011 entry that was vague and

inadequately explained. Brandt, 2009 WL 1727472 at \*3 ("Where billing records are lacking in detail, a reviewing court may reduce the fee to a reasonable amount.") (citing Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000)).

Finally, the district court's deduction of ten (10) percent from time spent preparing the opening brief to account for block billing and use of quarter-hour billing increments was not an abuse of discretion. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) (holding that an application for attorney's fees must be supported by billing records that enable the reviewing court to easily identify the hours reasonably expended); Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) (holding that the district court has "authority to reduce hours that are billed in block format[,]" because "block billing makes it more difficult to determine how much time was spent on particular activities") (citations omitted).

**AFFIRMED.**