**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JESSICA A. MARQUEZ, | No. 12-35621 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01254-SU |
| v. | |
| HARPER SCHOOL DISTRICT NO. 66; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Patricia Sullivan, Magistrate Judge, Presiding

Argued and Submitted November 7, 2013
Portland, Oregon

Before: M. SMITH and HURWITZ, Circuit Judges, and PRO, Senior District Judge.[**]

Plaintiff-Appellant Jessica Marquez appeals the district court's denial of her

supplemental motion for attorney's fees. Marquez also appeals the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

calculation of the attorney's fee award based on her original motion for attorney's fees. We review for an abuse of discretion. *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1124 (9th Cir. 2008). We affirm in part, reverse in part, and remand.

The district court did not abuse its discretion in denying the supplemental fee motion because the Offer of Judgment unambiguously limited fees to those accrued through the date of the Offer. *Guerrero v. Cummings*, 70 F.3d 1111, 1113–14 (9th Cir. 1995). As to the original fee motion, the district court did not abuse its discretion with respect to deductions for block billing because the district court did not make across the board cuts to all fees on this basis. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118, 1121 (9th Cir. 2000). Rather, the district court was within its discretion when it deleted two block billed entries in their entirety and deleted hours for clerical tasks and vague time entries in the billing records. The district court did not abuse its discretion by awarding rates lower than the highest comparable billing rates. The district court awarded rates above the average billing rate for attorneys of similar experience. Finally, the district court did not abuse its discretion by failing to make an adjustment for the protracted nature of the post-offer litigation.

However, the district court abused its discretion in setting the reasonable hourly rate and reasonable hours expended because it double counted the case's lack of complexity combined with counsels' expertise to reduce both the rate and the hours. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1115-16 (9th Cir. 2008). The district court failed to adequately explain why it did not apply any enhancement to the hourly rate for inflation or a delay in payment. *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1055–56 (9th Cir. 2009). The district court's lack of explanation, combined with its reference to the requested fee rates as "enhanced," suggest the district court may be "holding the line" by using the 2007 Oregon State Bar Survey to artificially limit rates to 2006 levels. *Moreno*, 534 F.3d at 1115; *see also Davis v. Wal-Mart Stores, Inc.*, No. 3:09-CV-01488-MO, 2012 WL 1424105, at *2-3 (D. Or. Apr. 23, 2012) (unpublished) (calculating a fee award using the 2007 Oregon State Bar Survey as a baseline, but adjusting for inflation for each year of work performed beyond 2006 and explaining the basis for those adjustments).

Further, the district court did not explain why it applied thirty and fifty percent reductions to the hours expended briefing the summary judgment motions and researching the complaint. The district court may impose a "small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and

3

without a more specific explanation." *Moreno*, 534 F.3d at 1112. "In all other cases, however, the district court must explain why it chose to cut the number of hours or the lodestar by the specific percentage it did." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013). Stating that the case is not novel or complex does not suffice to explain the "magnitude of the reductions." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136-37 (9th Cir. 2012). We therefore affirm in part, reverse in part, and remand for further proceedings consistent with this decision.

Each party shall bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**