NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



DEC 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MERRIWEATHER ROSE FRANKLIN,<br><br>        Plaintiff-Appellant,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>        Defendant-Appellee. | No.    16-16724<br><br>D.C. No. 4:12-cv-03503-PJH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California, Oakland
Phyllis J. Hamilton, Chief District Judge, Presiding

Submitted December 4, 2017**
San Francisco, California

Before:  M. SMITH and IKUTA, Circuit Judges, and BATES***, District Judge.

---

        * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        ** The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

        *** The Honorable John D. Bates, Senior United States District Judge for the District of Columbia, sitting by designation.

Merriweather Rose Franklin appeals the district court's order granting in part and denying in part her motion for attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A). Franklin challenges two reductions that the district court made to the hours requested by one of her attorneys, Ralph Wilborn: (1) a twenty percent reduction to all of Wilborn's briefing hours based on his unfocused and scattershot briefing, and (2) an additional eleven-hour reduction to the hours claimed for the opening brief in Franklin's merits appeal to this court because that brief substantially was cut-and-pasted from her summary judgment brief before the district court. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We review the district court's calculation of reasonable hours for an abuse of discretion. Costa v. Comm'r of Social Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012). Contrary to Franklin's assertion, the district court applied the correct law and considered the correct factors when it determined the reasonableness of the attorney's hours. See Hensley v. Eckerhart, 461 U.S. 424, 434, 436–37 (1983); Costa, 690 F.3d at 1135. The district court had the discretion to exclude "excessive, redundant, or otherwise unnecessary" hours. Hensley, 461 U.S. at 434, 436.

The district court did not abuse its discretion by reducing Franklin's fee award. The district court sufficiently described why the billed hours were excessive in this case by providing a concise yet comprehensible explanation for both reductions. See Costa, 690 F.3d at 1136–37; Moreno v. City of Sacramento, 534

2

F.3d 1106, 1112 (9th Cir. 2008). The district court first explained that a twenty percent reduction to all of Wilborn's briefing hours was appropriate because the briefs in both courts raised six different legal arguments, but made little attempt to focus attention on the strongest grounds for remand or otherwise winnow the issues. The district court, which had a superior understanding of this case, was in the best position to judge the reasonableness of Wilborn's billed time. Welch v. Metro. Life Ins. Co., 480 F.3d 942, 949 (9th Cir. 2007). The district court then stated that a further reduction of the hours claimed for the opening appellate brief was appropriate because that brief overwhelmingly was copied from Franklin's summary judgment briefing and contained only a small portion of original writing, and Wilborn failed to account for this in his requested fee. The reduction was therefore based on a distinct rationale and was not a double sanction.[1] Contrary to Franklin's assertions, then, the record supports the district court's decision to impose both fee reductions.

---

[1] The district court stated that ten hours was "more than reasonable for an experienced advocate familiar with the record" to produce what amounted to nine original pages of writing. Franklin identifies an apparent inconsistency with this statement because she claims that the district court left Wilborn only 5.8 hours to prepare the opening appellate brief. However, that figure does not include the 6.4 hours (originally eight hours, reduced by 20%) that the district court excluded from this second reduction, which Wilborn block-billed for both reviewing the record and drafting the opening brief. It was not unreasonable for the district court to factor in a portion of those hours to reconcile its ten-hour estimate with its actual reductions. True, the district court did not explicitly indicate that it relied on these 6.4 hours to reconcile its ten-hour estimate, but this Court "may affirm on any basis supported by the record below." Mahoney v. Sessions, 871 F.3d 873, 877 (9th Cir. 2017).

3

**AFFIRMED**.