NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIERA DANIELLE SCHULZ, | No.   19-35490 |
| Plaintiff-Appellant, | D.C. No. 6:17-cv-01082-SU |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted March 5, 2020[**]
Portland, Oregon

Before:  McKEOWN and PAEZ, Circuit Judges, and HUCK,[***] District Judge.

Kiera Schulz appeals the district court's award of attorney's fees following her successful challenge to the Commissioner of Social Security's denial of her application for Supplemental Security Income and Disability Insurance Benefits.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Paul C. Huck, Senior United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

Schulz applied for $15,081.09 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The district court adopted the recommendation of the magistrate judge and awarded Schulz $10,262.37 on the ground that one of Schulz's attorneys had expended an unreasonable number of hours on her case. Schulz appeals, arguing that the district court abused its discretion by (1) reducing the award on grounds the Commissioner did not raise in its opposition to the application, (2) failing to adequately justify the reduction, and (3) denying fees related to the preparation of her reply brief in support of her attorney-fee application. Schulz's arguments are unconvincing, and we affirm.

First, Schulz argues that the district court abused its discretion by reducing her award on grounds the Commissioner never raised. An opposing party need not object to an award for the district court to determine whether a fee request is facially reasonable. *United States v. $28,000 in U.S. Currency*, 802 F.3d 1100, 1105–06 (9th Cir. 2015). It is the district court's prerogative to determine whether a fee award is reasonable. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The lack of specified opposition therefore cannot be the basis for an abuse of discretion. We accordingly reject Schulz's first argument.

Second, Schulz argues that the district court abused its discretion by inadequately justifying the reduction of her award. When a district court reduces an attorney's fee award on the basis of unreasonable hours expended, the district court

2

must provide clear explanations describing which hours were unreasonable in light of "the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained," among other case-specific factors. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012); *see also Moreno*, 534 F.3d at 1112–13. The magistrate judge, whose recommendation the district court adopted, explained that seven specific billing entries included unreasonable amounts of time in light of the straightforward nature of the dispute, fee awards in similar cases, counsel's extensive experience in handling similar cases, the magistrate judge's own experience in handling similar disputes, the apparent duplication of hours expended, the insufficient descriptions accompanying the hours, and the quality of the work product. This explanation was sufficient. We therefore reject Schulz's second argument.

Finally, Schulz argues that the district court abused its discretion by denying compensation for the hours expended on her reply brief in support of her attorney-fee application. However, "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 n.10 (1990). Schulz's reply brief was unsuccessful. The district court therefore did not abuse its discretion by excluding the hours expended on it. We accordingly reject Schulz's third argument.

**AFFIRMED.**

3