**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 17 2023

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANYA LEE MEMBE, | No. 22-35152 |
| Plaintiff-Appellant, | D.C. No. 6:20-cv-00896-MK |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, Magistrate Judge, Presiding

Submitted February 7, 2023[**]
Portland, Oregon

Before: M. SMITH, FORREST, and SUNG, Circuit Judges.

Plaintiff-Appellant Sanya Lee Membe appeals the partial denial of her application for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

A district court "always retain[s] substantial discretion in fixing the amount of an EAJA award," *Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990), given "the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). We review the district court's decision for abuse of discretion, which occurs when the district court applies an incorrect legal standard or its application of the correct standard is "illogical, implausible or without support in inferences that may be drawn from the facts in the record." *Meier v. Colvin*, 727 F.3d 867, 869–70 (9th Cir. 2013).

Because the district court in this case reduced the number of hours for which it awarded fees by 20 to 25 percent, it was required to explain its reasoning with specificity. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111–12 (9th Cir. 2008). In doing so, district courts should examine case-specific factors including the record size, procedural history, issue complexity, and when counsel was retained. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012).

Here, the district court adequately explained its reasoning and did not abuse its discretion. It was not illogical for the judge to rely on his experience and familiarity with the litigation in concluding that the record size was not abnormal[1]

---

[1]The district court's reference to the record being "approximately 1,700 pages" might have been a scrivener's error, but regardless, it was harmless error.

or that the issues in the case are familiar because they "are frequently litigated." Nor was it error to decline to survey hours found reasonable in other cases or cite nonbinding case law. *See Costa*, 690 F.3d at 1136 (questioning the usefulness of surveying other cases to decide reasonableness of hours spent on a matter). In sum, the district court sufficiently explained that it excluded 20 hours from its calculation because the issues presented were not complex, counsel was experienced and knowledgeable, and the record was not abnormally long.[2]

**AFFIRMED.**

---

Membe primarily alleged that the ALJ erred at step three and does not argue that her case involved issues requiring detailed review of all, or even most, of the record.

[2]We deny the Commissioner's request that we take judicial notice of the EAJA database maintained by the Administrative Conference of the United States. ECF No. 17. The database is not relevant to our decision. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2. (9th Cir. 2006) (declining to take judicial notice of documents irrelevant to resolution of the appeal). However, we grant the Commissioner's request that we take judicial notice of district court orders issued after this appeal was filed, ECF No. 34, as these dispositions are relevant to understanding the full procedural history of this case. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).